**77 So.2d 24**

Jack C. KONEN

v.

NEW ORLEANS POLICE DEPARTMENT.

No. 41846.

Nov. 8, 1954.

Rehearing Denied Dec. 13, 1954.

Michael E. Culligan, Jr., New Orleans, for plaintiff-appellant.

Henry B. Curtis, City Atty., Beuker F. Amann, Asst. City Atty., New Orleans, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, availing himself of the provisions of Article 14, Section 15 of the Louisiana Constitution of 1921, as amended[1] and the Rules of this Court,[2] appeals from the Civil Service Commission's ruling on his appeal to that body from the

---

1. Section 15(O) (1): "There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the *exclusive right* to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made with- in thirty (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules' of procedure to be followed in the taking and lodging of such appeals." (Emphasis supplied.)

2. Rule XXII, Revised Rules of the Supreme Court of Louisiana, effective January 1, 1952, limiting the appeal to a review of questions of law.

action of the Superintendent of Police in dismissing him from the New Orleans Police Department for the assigned reason that an arrest made by him was found to have been "made out of personal prejudice and without proper cause."

The appellant's dismissal was based upon the findings of an investigation of the arrest by appellant, then a member of the New Orleans Department of Police, Traffic Division, of Bernhard C. Dahlen, Major in the Enforcement Division, Louisiana Wild Life and Fisheries Commission, shortly after midnight on the morning of Saturday, September 26, 1953. Dahlen was booked on a charge of violating, LSA–R.S. 14:98 and 14:99 (operating a vehicle while intoxicated, and reckless operation of a vehicle, respectively), was confined in the Fifth District Police Station until about 6:30 a. m., when he was released on bail through the efforts of a friend.[3]

The investigation was prompted by a complaint of false arrest by Dahlen. It appears that on the Monday morning following the incident, two men who knew Acting Superintendent of Police Milton L. Durel took Dahlen to Durel's office and introduced the two; Dahlen then told Durel of his arrest, mentioned that the appellant held a special commission in the Wild Life and Fisheries Commission and was friendly with two of Dahlen's fellow employees who were his opponents in a factional split within the department, and expressed the belief that those persons had prompted Officer Konen to put him in jail to get even with him, or to get him out of the way, since such an arrest would mean his immediate dismissal. He also stated he had witnesses who could prove he was sober at the time.

Superintendent Durel directed Detective Fallon, investigating officer for the Traffic Division, to make an investigation, and this was begun on the same day with the assistance of Acting Supervisor of Traffic Claiborne Trainor and Officer Milazo, also of the Traffic Division. Those who made statements were interviewed separately and individually, not in the presence of the appellant; the latter was also called by Fallon for questioning. Information was gathered by means of interrogation, and from statements made by the various people which were reduced to writing and individually signed. On the basis of this information a report was compiled showing that, according to these statements, on the night in question Dahlen, accompanied by Peter Rau, a ranger in the Wild Life and Fisheries Commission and one of Dahlen's subordinates, attended a meeting of the Southern Deer Hunters' Association at a tavern on the old Jefferson Highway, where Dahlen (admittedly) had three beers; at approximately 10:30 p. m. Dahlen and Rau drove to the Yacht Club pen at West End to check the moorings of a boat docked there; that appellant, then off duty, was also at West End, and left there in his personal

3. The charges against him were subsequently nolle prossed.

car at approximately the same time as Dahlen and Rau; that Rau, having picked up his own automobile, followed Dahlen back to town via DeSaix Boulevard and left him shortly after midnight on Gentilly Boulevard at the intersection of Franklin Avenue, Dahlen continuing out Gentilly Boulevard; and that appellant, who claims to have been following and checking the Dahlen car since first observing it on De-Saix weaving from side to side of the street, stopped Dahlen at the Peoples Avenue underpass on Gentilly Boulevard and placed him under arrest, the time then being 12:15 a. m. The report, signed by Captain Trainor, concurred in by Officer Milazo and Detective Fallon, and addressed to Superintendent Durel, concluded "the preponderance of evidence shows that in reality Konen actually followed Dahlen from West End, all the way in, and *knew* of Rau's presence behind the Dahlen car, which accounts for the long check for drunk driving."

Following his dismissal (based on the above report) Konen appealed to the Civil Service Commission; and after the hearing that Commission, by a divided vote, concluded: (1) "Appellant has not discharged the burden of proof imposed upon him by Article XIV, Section 15, Subsection (N) (1) of the Constitution of Louisiana;" [4] (2) "Although the investigation conducted by the Police Department left much to be desired, nevertheless the record contains enough substantial evidence to justify the action taken by the Superintendent in dismissing Konen;" and (3) "The Superintendent did not act arbitrarily, capriciously, or discriminatorily in dismissing Konen." A dissenting opinion, filed by one Commissioner, expressed the view that "the evidence adduced was entirely too conflicting and confusing to support the reasons assigned by the discharging authority for the dismissal."

The basis for the majority ruling was the following Findings of Fact: "(1) The testimony of Konen concerning his activities on the night in question is uncorroborated and appears inconsistent on its face, and is accordingly discredited for the reason, among others, that he failed to produce as a witness, his friend, Mr. House, to corroborate his testimony, although the said Mr. House was apparently available at all times as a witness; (2) Konen's testimony in several important particulars is flatly contradicted by other witnesses and by admitted facts; (3) In view of the fact that Konen's charge that Dahlen was under the influence of liquor is unsupported by any testimony other than Konen's own statement, the conclusion by the Board investigating the matter for the Police Department that the arrest in question was made for unworthy motives cannot be said to be without substance or foundation."

4.  " *   *   * (a) The burden of proof on appeal, as to the facts, shall be on the employee."

The appellant contends that (1) the restriction of his appeal in this Court to questions of law is a denial of due process and the equal protection of the laws, in violation of the Fourteenth Amendment of the U. S. Constitution and Article 1, Sections 2 and 6 of the Constitution of Louisiana, in that civil service workers are thus deprived of access to the courts for review of facts surrounding their dismissal; (2) the Commission's refusal to grant a new trial or a new hearing was an error of law, in that plaintiff's timely motion for a rehearing was not acted upon until after the expiration of thirty days from rendition of the adverse judgment, and after the commission had divested itself of jurisdiction of the case by granting plaintiff's appeal; (3) there is no evidence whatsoever in the record to support the charge that the arrest was made because of personal prejudice and without proper cause, and hence a question of law is presented; and (4) the Commission made findings of fact unrelated to the charge under which plaintiff was dismissed, which constitutes error of law.

■■■ Counsel has cited no authority supporting his first above contention that appellant has been unconstitutionally deprived of his property rights, as indeed he cannot, for it is a rule of law universally obtaining that "In the absence of specific

provision to the contrary, the power of removal from office is incident to the power of appointment." Keim v. United States, 177 U.S. 290, 293, 20 S.Ct. 574, 575, 44 L.Ed. 774, 776. See, also, 37 Am.Jur., Verbo Municipal Corporations, Sec. 240, p. 869; 62 C.J.S., Municipal Corporations, §§ 734, 735, pp. 1508, 1509. And, as pointed out in the case of Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49, "The privilege of holding public office is not guaranteed by the Constitution as an inalienable right. On the contrary, the privilege is conferred only upon such terms and conditions, as the people, speaking through their chosen representatives, might determine." 200 La. at page 363, 8 So.2d at page 56. While it is true that under our civil service system now in force, persons who have acquired civil service status are protected from discrimination and/or disciplinary action which is arbitrary or is based on political or religious reasons [5] the same provision of the Constitution authorizes dismissal "for cause," [6] and sets up a Commission to which application may be made when an employee is aggrieved—said commission being vested with "the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases."[7] The right of appeal to this Court is restricted to questions of law alone,[8] but is not for that

5. La.Const. of 1921, Art. 14, Secs. 15(A) (1), 15(N) (2).

6. La.Const. of 1921, Art. 14, Secs. 15(A) (1) and 15(N) (1).

7. La.Const. of 1921, Art. 14, Secs. 15(C) and (D); Sec. 15(O) (1).

8. See Note 1, supra.

reason unconstitutional where the prescribed procedure has been followed. Hearings of this kind are usually final, and the Court will not interfere with the bona fide judgment of the Commission. State ex rel. Bourgeois v. Board of Sup'rs of La. State University, 205 La. 177, 17 So.2d 25; State ex rel. Rathe v. Jefferson Parish School Board, on Rehearing, 206 La. 317, at pages 362–363, 19 So.2d 153.

■ We find no substance in appellant's second contention; by filing with the Commission a motion for appeal before insisting that his motion for a new trial or rehearing be passed upon, he waived his motion for a rehearing. Of necessity the Commission divested itself of jurisdiction upon granting the order for appeal.

■ In support of his third argument, appellant relies on the well known principle of law obtaining in criminal cases that while ordinarily this Court is without appellate jurisdiction of the facts, where there is no evidence whatsoever to support the verdict of guilty a question of law arises which this Court may decide after examination of the record. See State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Asher, 217 La. 735, 47 So.2d 477; State v. Brown, 224 La. 480, 70 So.2d 96; State v. Roberts, 224 La. 491, 70 So.2d 100. In a case such as this, however, " * * * as a general rule, in the absence of arbitrary action, where the proceeding for the removal or discharge of a civil service employee has been conducted in compliance with civil service laws, the decision of the civil service commission or other authority authorized to conduct the hearing or to consider the employee's explanation is not subject to review by the court. * * * the reviewing court will ordinarily inquire only whether the officer, board, or commission had jurisdiction, acted within the prescribed rules, and followed the form of proceedings legally applicable in such cases; and the court will not disturb the order or decision on its merits, or interfere with the exercise of the discretion vested in the officer, board, or commission, unless the action of the board or commission was arbitrary. * * * where the decision is based on substantial evidence, the court may not consider the weight or sufficiency of the evidence. * * * the burden of proving arbitrary action in the discharge of the employee is on the employee." 62 C.J.S., Municipal Corporations, § 740c (1), pp. 1523–1524; see, also, Pettit v. Reitzell, 202 La. 12, 11 So.2d 13.

■ A mere perusal of the record readily brings out the fact, as pointed out in the dissenting opinion of the Commission's ruling, that the testimony is conflicting and confusing; and, as observed in the majority view, "The investigation by the Police Department left much to be desired." However, it is not the province of this Court to consider the weight or sufficiency of the evidence, our appellate jurisdiction being limited to questions of law alone.

We think the conclusion just reached disposes of appellant's last complaint.

For the reasons assigned, the ruling of the Commission is affirmed.

PONDER, J., absent.