REID, Judge.
This is an appeal brought by Irma E. Foster who was a Welfare Worker employed by the Department of Public Welfare in the New Orleans office. The appellant was dismissed from her employment predicated upon the following statement of the case appearing in the record:
"STATEMENT OF THE CASE
“1. On May 13, 1961 at about 6:30 P.M. you entered the home of Octave Rainey II, and his wife, Jeanne Rain-ey, at 9001 Apricot Street, New Orleans, Louisiana carrying a hatchet and an ice pick concealed in a paper bag.
“2. The fourteen-year old son of the Raineys, Octave III, came into the house and asked you what you wanted. You told him that you wanted to use the bathroom. When Octave III turned to show you the bathroom, you struck him on the head with the hatchet. You used the hatchet to damage a piano arid other furniture in this house.
“3. Octave Rainey III, was hospitalized later the same day for treatment of the wound inflicted on his head by you. •
“4. You were arrested later the same day by the City Police and charged with aggravated battery, criminal trespass, and carrying concealed weapons.”
Appellant through counsel filed a timely appeal based upon the fact that the criminal matter was still pending and that the Department of Public Welfare had discriminated against appellant by disregarding the presumption of innocence and discharging her prior to an adjudication of the criminal proceeding.
The matter was fixed for hearing in Baton Rouge on August 8, 1961 at 9:00 A.M. When the appeal was called for . hearing, appellant was present in person but without counsel. However, a telegram from her counsel was presented to the Commission which read as follows:
“NSA022
“NS LLA010 RX PD — NEW ORLEANS LA 87144 CST—
“1961 AUG 8 AM 7:30 “W W MC DOUGALL “DIRECTOR OF PERSONNEL STATE DEPT OF CIVIL SVS CIVIL SERVICE BLDG BOYD AVE BATON ROUGE LA— "PLEASE ADVISE THE COMMISSION THAT BY REASONS OF ILLNESS IN FAMILY I MAY BE A LITTLE LATE IN THE MATTER OF IRMA FOSTER AND I WILL APPRECIATE PASSING CASE UNTIL MY ARRIVAL. ALSO WILL APPRECIATE YOUR ADVISING MY CLIENT MRS. IRMA FOSTER THAT I AM ENROUTE AND NOTHING WILL BE DONE IN HER CASE PENDING MY ARRIVAL—
“MAURICE BROOKS GATLIN”
At 10:00 A.M. the Civil Service Commission advised appellant that at 10:05 it would proceed with the hearing unless the Commission deemed there was adequate cause for a continuance. Appellant sought a continuance on the basis that the criminal charges pending against her had not been adjudicated and therefore the matter *273 should he postponed until after such adjudication. The Commission denied a continuance and under the provisions of Rule 13.19(e) required appellant to give her sworn testimony before hearing any other witness on her behalf. Prior to receiving appellant’s testimony, counsel for the Department of Public Welfare withdrew the fourth charge as a reason for the removal. After being sworn, appellant gave no explanation of the reasons for her removal other than “no recollection of the occurrence of the events.” She neither admitted nor denied their occurrence.
FINDING OF FACT
The pertinent facts are contained in the foregoing statement.
CONCLUSION OF LAW
At the conclusion of appellant’s testimony, and based upon the Commission’s Rule 13.19(e) the Commission declined to hear any other evidence, being satisfied by appellant’s testimony that she had no just or legal ground to support her appeal, having failed to offer any testimony in fulfillment of the obligation that an appellant in a Civil Service hearing must sustain the burden of proof.
Under the Civil Service Amendment and Rule 13.19(m) of the Rules of this Commission, the facts expressed in writing as cause for the dismissal must be accepted as prima facie true. The derelictions expressed in the letter of dismissal and as examined in the light of facts established by appellant’s own testimony are deemed to be sufficiently detrimental to the efficiency of the State service as to justify her dismissal.
At 10:30 A.M. immediately after the Commission had unanimously adopted a motion dismissing the appeal pursuant to the provisions of Civil Service Rule 13.19 (e) as stated herein above, counsel for appellant appeared and requested that the appeal be reopened. The reasons given in support of the request were not deemed sufficient and the Commission declined to reopen the matter.
Appeal dismissed.
The question of the court’s refusal to grant a continuance is secondary and unimportant in this case because the evidence shows that there was no abuse of the discretion vested in the Commission to refuse to grant a continuance.
In this regard, although there is in fact a telegram appearing- in the record which informed the Commission that appellant’s counsel would be late because of illness in his family, it nevertheless appears that he left New Orleans in plenty of time to have reached the Commission’s office within the time of the delay which the Commission granted appellant. It further appears that the illness had in fact nothing to do with the tardiness of counsel. His explanation of delay by virtue of adverse weather and inability to find or locate Commission’s headquarters appears no valid reason or adequate explanation for his failure to timely appear. This appears so because witnesses summonsed by the Commission from New Orleans apparently had no difficulty in being present at the scheduled time of the hearing, namely, 9:00 A.M.
We find very little merit in the contention of appellant that the act or authority of the Commission generally is unconstitutional. An opinion disposing of this contention should not have to deal with the matter in any great detail since in Konen v. New Orleans Police Department, 226 La. 729, 77 So.2d 24, virtually all aspects of the alleged unconstitutionality of the amendment advanced by appellant predicated upon a purported violation of due process have been decided adversely to appellant’s contention.
After considerable research on the problem it seems that there exists a conflict between two basic concepts set up in the Constitution on Civil Service which are squarely presented and must be resolved in this instance.
*274 First, there is no question but that the burden of proof on appeal rests upon the disciplined employee. This burden is placed upon him by Article 14, Sec. 15 (N) (1) of the Constitution. Moreover, the burden of proof has been required in several instances in which it was held that it is incumbent upon the employee to prove that the employing agency or Commission acted arbitrarily to set aside a dismissal. Konen v. New Orleans Police Department, supra; Domas v. Division of Employment Security, 227 La. 290, 79 So.2d 857.
As opposed to this well established principal, there are any number of cases which hold that a finding of fact by the Commission will not be disturbed when it is supported by evidence in the record. This rule further states that since the authority of the court on appeal is limited to review of questions of law only, the adequacy or weight of the evidence is a matter which does not concern the court so long as there is some evidence to support the findings of fact and conclusions reached by the Commission. In this respect see Cottingham v. Dept. of Revenue, 232 La. 546, 94 So.2d 662; Gervais v. New Orleans Police Dept., 226 La. 782, 77 So.2d 393; Villemarette v. Department of Public Safety, La.App., 129 So.2d 835; Jordan v. New Orleans Police Department, 232 La. 926, 95 So.2d 607. See also the case rendered by this Circuit, namely Hays v. Department of Wild Life and Fisheries, La.App., 136 So.2d 559, cer-tiorari granted by the Supreme Court March 16, 1962 in which we held that where there was no evidence of the alleged misconduct as a matter of law, an employee’s discharge was illegal.
The position of the Commission in this case is very tersely succinctly, and precisely stated in the following appearing on Page 28 of the record:
“Mr. Dennery:
“Well, under the Constitution the burden of proof in this matter is on you. You have to prove that the reasons given in this letter of May 30, with which you are familiar, are either false or if they were true, that they were not cause for the action taken by the Department in dismissing you. After you have presented your case through your testimony and the testimony of any witnesses you may choose to put on the stand, then the Department of Welfare through its counsel, Mr. Pet-ter, will have the right to put witnesses on the stand to prove that these matters are true, if they so choose. It is their right to do so.”
The record in this case shows that appellant in the absence of her counsel informed the Commission that if her counsel were present, she knew it was his intention to request a continuance on the ground that the criminal charges pending against appellant were not disposed of and that the hearing should be delayed until appellant was either acquitted or convicted of said criminal charges. Upon being so advised, the Commission then informed appellant that the pendency of the charges had no bearing upon the hearing as the two matters were entirely distinct, unrelated and unconnected. The Commission then insisted that the appellant either take the stand or the case would be concluded against her.
The only witness who appeared before the Commission was the appellant herself who after having been advised as herein-above shown reluctantly consented to be sworn in. Her testimony was purely and simply to the effect that she remembered absolutely nothing regarding any of the alleged incidents which formed the basis of her dismissal. No other witnesses were sworn and neither was any other evidence of any nature introduced.
In addition there is certainly involved the question of the validity of the position taken by the Commission that under the amendment and its Rule 13.19(m) and 13.19(e) the facts expressed in writing as a cause of dismissal are prima facie true, *275 and the Commission does not need to introduce any evidence until such time as the employee takes the stand or produced evidence to show the falsity of the charges or the fact that they do not constitute lawful cause for dismissal. In this connection, it is further noted that the Commission also contends that under the rules the duty is upon appellant to first take the stand and come forward with such proof and that the Commission is not required to prove anything until the appellant does this and further upon hearing the testimony of appellant the Commission may if it considers the appellant has failed to prove the falsity of the charges, refuse to hear any additional evidence.
It would appear, therefore, that the Commission takes the position that the burden is entirely upon the appellant without the Commission producing the testimony of one single witness which was exactly what was done in the instant case. It would appear that under Article 14, Sec. 15(N) (1) which places the burden upon the appellant, there may be some authority for the Commission’s proposition, but we cannot conceive that the law intended such a result. Certainly such a construction is directly opposed to the jurisprudence which hold that where there is no evidence to support the Commission’s findings of fact, as a matter of law the discharge is illegal. Reconciliation of these two seemingly contradictory and well established principles could be effected by ruling that although the burden as to the facts is on appellant, such burden does not exist until such time as the Commission places in the record some evidence to support its findings of fact. To hold otherwise, such as in the case at bar where the Commission has witnesses available and refuses to call them on the ground that the charges are prima facie proof of themselves is unjustified, contrary to the spirit of the amendment and would lead to a most incredible and preposterous result. In the case at bar not one witness was called by the Commission and there is not one shred of documentary evidence in the record which would even remotely tend to establish the truth of the charges lodged against appellant. There is no duty devolved upon appellant to prove the falsity of the charges or the fact that they do not constitute a lawful cause of dismissal until' such time as there is in the record at least some evidence of substantiation of the charges.
For the foregoing reasons it is ordered, adjudged and decreed that the judgment of the Civil Service Commission be reversed, that the order of dismissal be set aside, and this matter be remanded to the State Civil Service Commission for a hearing in accordance with the views herein expressed.
Reversed and remanded.