SARTAIN, Judge.
Mrs. Elvie H. Suire appeals from a ruling of the Civil Service Commission which sustained the action of the State Board of Cosmetology in dismissing her from her classified position as an inspector for the Board.
Under date of March 8, 1968, a letter as required by Civil Service Rule 12.3 was written to appellant by her appointing authority advising that her employment with the Board would be terminated as of the close of business on March IS, 1968. The letter contained three specific reasons, namely: (1) that during the period November 3 through November IS, 1967, appellant filed reports wherein she falsely stated that she had inspected some thirty-nine beauty shops; (2) that, in the alternative, if the beauty shops were in fact inspected on the dates given, appellant “willfully and repeatedly” failed to a leave a duplicate inspection slip with the owners or operators of said shops in direct violation of the rules and regulations of the Board, and (3) that on three occasions appellant inspected beauty shops in Loreauville, Louisiana, when she was not accompanied by the owner, manager or employee of the shops in direct violation of the Board’s instructions and regulations.
Appellant received this letter on March 11, 1968 and immediately filed for a hearing before the Civil Service Commission *9 to have the action of the Board set aside and to be reinstated in her position.
In sustaining the action of the Board, the Commission handed down written reasons wherein it found:
“The burden of proof was on the appellant, but, other than a vague general denial, appellant offered no evidence to substantiate the inspections she allegedly conducted on November 2, 1967, at Charles’ Beauty Shop, LeArt House of Beauty, Green Acres Beauty Shop, Marie’s Beauty Shop, on November 6, 1967 at Martha’s Beauty Shop, Sloan’s Beauty Shop, Midway Beauty Shop, Cameron’s Beauty Shop, Ola’s Beauty Shop, Brenda’s Beauty Shop, on November 7, 1967, at Carrie’s Shop, Mendoza’s Beauty Shop, Louan’s Beauty Shop, on November 8, 1967 at Zulma’s Beauty Center, Agnes’ Beauty Shop, Leona’s Beauty Shop, Rita’s Beauty Shop, on November 9, 1967 at Jenny’s Beauty Shop, Cortez Beauty Shop, Leola’s Beauty Shop, Prissy’s Beauty Shop, on November 13, 1967 at Lu’s Beauty Shoppe, Rose’s Beauty Shop, Cathy’s Beauty Shop, Lil’s Beauty Shop, Lou’s Beauty Shop, on November 14, 1967 at Green Acres Beauty Shop, Elite Beauty Shop, Rose’s Beauty Shop and on November 15, 1967, at Ingés’ Beauty Shop.
In a few instances appellant attempted to prove inspection of other shops mentioned in the letter of discharge but not listed above. The evidence was completely unsatisfactory.
Appellant admits that she did not instruct the owners, managers or employees to retain and to post inspection slips, but denies that she was instructed to do so.
Appellant denies or does not remember that she was instructed not to enter a shop for inspection unless accompanied by the owner, the manager or an employee. At least four other witnesses testified affirmatively regarding those instructions and their testimony is credible. Evidence also shows that after these instructions had been given, appellant visited the Marion Beauty Shop and Cherry’s Beauty Shop unaccompanied by the owner, manager or an employee of the shop in question.
The Commission finds that the appellant has completely failed to bear the burden of proof. There is no convincing evidence that the appellant visited the various beauty shops listed in the letter of discharge on the dates specified. There is evidence that appellant did disobey her instructions with regard to entering the shops without the owner, the manager or an employee.
The charges justify appellant’s removal and since they have not been disproved, the appeal is dismissed.”
On her appeal to this court, appellant urges that the Commission committed errors of law when it failed to rule that she was dismissed without cause and when it failed to reinstate her to her former position.
Plaintiff also urges that the Commission failed to make an independent determination of the facts upon which the dismissal is based and cites Wilson v. New Orleans Police Dept., La.App., 145 So.2d 650. We find specifically that the Commission did in fact make an independent determination of the facts upon which the dismissal is based as evidenced by their opinion which is quoted above.
Appellant also urges that the ruling of the Commission is contrary to law in that it placed upon her the burden of proving the falsity of the charges prior to there being any evidence in the record to sustain such charges and cites Foster v. Dept. of Public Welfare, La.App., 144 So.2d 271. The Foster case is not controlling in the instant matter nor are the facts apposite. In the Foster case the only evidence relied upon by the Commission was the testimony of the employee, who denied any knowledge of wrongdoing. This court in the Foster case stated that under those circumstances it was incumbent upon the appointing authority to proceed with evidence substan *10 tiating the charges. In Mrs. Suire’s case there was sufficient evidence adduced under cross examination of her witnesses plus substantial evidence produced by the Board on direct to substantiate the charges.
Appellant also argues that she may not be dismissed without “legal cause” and that in order to make a finding of “legal cause” a rational nexus must be found between the criterion of impairment of public service and the type of conduct in which the employee is engaged. Cited as authority for this proposition are the cases of Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 327, 86 L.Ed. 301 and Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5. The distinguishing factors between the Gray and Leggett cases and the case at bar is that the cited cases deal with conduct not specifically related to the employment and therefore not considered an impairment of public service. The contrary is quite evident in the instant matter because appellant’s job is to inspect beauty shops which are administratively licensed and ..supervised by the Board. It is apparent that some system of reporting is essential to satisfy the administrators that the requirements of the Board are being carried out. We have here a case involving much more than faulty reporting. The clear import of the decision of the Board and of the Commission is that no inspections were made.
Article 14, § IS (O). (1) clearly provides that the decision of the Civil Service Commission is final on a determination of fact. In Smith v. Louisiana State Board of Health, La.App., 201 So.2d 14 we reviewed the jurisprudence that may have lended itself to the argument that a question of fact is converted into an issue of law when a decision by the Commission on a matter of fact is not based on substantial evidence nor supported by probative evidence, etc. In the Smith case we stated: Mayerhafer[2] case employed ‘probative evidence’ and that the King case said ‘any evidence’ in dealing with review of questions of fact, this court in Gremillion v. Dept. of Highways, La.App., 129 So.2d 805, (writs denied) felt compelled to state:
“Realizing that the Konen[1] case used the term ‘substantial evidence’, that the
‘In order to make crystal clear our view of the jurisdiction vested in this Court by the Constitution of Louisiana on appeals from decisions of the Commission, we emphasize that under the plain provisions of the Constitution the decision of the Civil Service Commission is final on the facts and this Court is limited in its jurisdiction to the resolution or determination of questions of law only. We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this respect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial’ or probative so long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court.’
“Accordingly, the last cited authority binds us to the rule that we may only review the decisions of the Commission on questions of fact where the record is barren of any evidence to support the findings of the Commission for it is only *11 under the latter circumstances that a question of law arises.”
The Commission by its opinion elected to rely entirely upon Article 14, § 15(N) (1) of the Constitution which places the burden of proof on the employee to prove that the employing agency acted arbitrarily. Konen v. New Orleans Police Department, supra; Domas v. Division of Employment Security of Department of Labor, 227 La. 490, 79 So.2d 857 and Foster v. Department of Public Welfare, supra. The Commission elected to simply state that appellant “has completely failed to bear the burden of proof”. We note that there was considerable evidence in the record to completely negate the fact that appellant even visited some of the shops on the dates that she reported she did. The Commission in our opinion followed the courteous procedure of hinging its decision on the question of burden of proof. The fact that the Commission did not by word alone brand appellant’s reports as false does not subj ect its decision to reversal by us as a matter of law.
Accordingly, for the above and foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.

. 226 La. 739, 77 So.2d 24.

. 235 La. 437, 104 So.2d 163.