BLANCHE, Judge.
Appellant, Ronnie M. Trotti, a permanent State Police Trooper First Class, formerly employed by the Department of Public Safety, Division of State Police, was notified by his appointing authority by letter dated April 2, 1969, that he was being removed from his position effective at the close of business on April 9, 1969, an enumeration and specification of the charges against him being included in the letter as required by law. Appellant timely perfected his appeal from this dismissal to the Louisiana Civil Service Commission. The regularly scheduled hearing on this matter was restricted to the legality of appellant’s dismissal on the basis of one specified charge against him.[1] The Commission found as a fact that appellant did commit the conduct complained of in this charge without provocation and further *452 found and held the conduct to be unbecoming a police officer, with the result that appellant’s dismissal was justified. The Commission, accordingly, dismissed his appeal. Appellant timely perfected his appeal to this Court, cf. Hughes v. Department of Police, 131 So.2d 99 (La.App. 4th Cir. 1961).
Appellant assigns as his sole specification of error his contention that the Commission erred as a matter of law in ruling inadmissible, and consequently in failing to consider, the testimony of witnesses offered and called by appellant at the hearing in rebuttal.
The Louisiana Constitution expressly provides that on appeal to the Louisiana Civil Service Commission the burden of proof as to the facts shall be on the employee.[2] The Louisiana Constitution vests the Louisiana State Civil Service Commission with power to make rules and regulations, inter alia, fixing the procedure in, and all other matters pertaining to, appeals thereto.[3] Pursuant to this authority, the Commission has promulgated specific rules relative to the procedure for hearing appeals, including the rule that the appellant is required to open the case,[4] the rule that the Commission may require the appellant to give his sworn testimony before hearing any other witnesses and permitting the Commission to dismiss the appeal if it feels the appellant has no just or legal ground to support it,[5] the rule that if after hearing the appellant’s testimony, the Commission feels he may have just or legal grounds for his appeal, the Commission shall permit the appellant to adduce other relevant testimony,[6] the rules that the rules of evidence and the taking of testimony applicable to civil trials in the district courts shall be followed where appropriate and not inconsistent with specific Commission rules,[7] and the rule permitting the Commission to take judicial notice of its rules.[8] A decision of the Louisiana Civil Service Commission is final as to findings of fact and the appellate jurisdiction of this Court is restricted to determinations of questions of law with the result that this Court is without authority to inquire into the weight or sufficiency of the evidence on which the Commission’s *453 decision is founded if there is any evidence to support the dismissal, Louisiana Constitution Article XIV, Section 15(0) (1); Suire v. Louisiana State Board of Cosmetology, 224 So.2d 7 (La.App. 1st Cir. 1969) ; Spruill v. Louisiana Wildlife and Fisheries Commission, 183 So.2d 141 (La.App. 1st Cir. 1966), writ refused, 249 La. 195, 186 So.2d 157; Uniform Rules — Courts of Appeal, Rule XVI.
With regard to the case before us for review, the record reflects that at the hearing before the Commission appellant offered his testimony essentially negating the allegations contained in the particular charge, after which appellant rested subject to the right of rebuttal. Thereafter the appointing authority adduced testimony confirming the occurrence of the incident in question to establish appellant’s misconduct and lack of provocation therefor, after which the appointing authority rested. At this point counsel for appellant sought to offer what he denominated as rebuttal testimony, whereupon the Commission ruled that appellant could not offer testimony which he had withheld when presenting his case in chief and further ruled that appellant would be restricted to presenting only what the Commission denominated as “strict rebuttal evidence,” the bases for the Commission’s rulings being the rules of the Commission making applicable the rules of evidence and those pertaining to general civil procedure and the taking of testimony which would obtain in a civil trial in a district court.
Appellant complains of these rulings by the Commission and offers as his first ground for objection thereto the contention that the proffered rebuttal testimony would have been proper rebuttal testimony in an ordinary civil proceeding. In Anslem v. Travelers Insurance Company, 192 So.2d 599 (La.App. 3rd Cir. 1966), the Third Circuit Court of Appeal summarized the rule that in civil cases, in the absence of shown prejudice, the appellate courts will not ordinarily disturb the trial court’s sound discretion either in the admission of rebuttal evidence which should more properly have been introduced in chief or in the exclusion as rebuttal of evidence more properly a part of plaintiff’s case in chief:
“Further, in civil cases, in the absence of shown prejudice, the appellate courts will not ordinarily disturb the trial court’s sound discretion either in the admission of rebuttal evidence which should more properly have been introduced in chief, Campbell & Co. v. Texas & P. Ry. Co., La.App. 2 Cir., 152 So. 351 (modified as to other grounds, 155 So. 786), or in the exclusion as rebuttal of cumulative evidence more properly a part of the plaintiff’s case in chief, Johnson v. Nora, La.App. 2 Cir., 87 So.2d 757. See 88 C.J.S. Trial § 102.® [Footnote by the Third Circuit]”[9] Anslem v. Travelers Insurance Company, 192 So.2d 599, 601 (La.App. 3rd Cir. 1966).
We are satisfied that the exclusion of this proffered rebuttal testimony would have been proper in an ordinary civil proceeding in accordance with the foregoing authority and would not constitute an abuse of the sound discretion of the trial court; accordingly, appellant’s contention in this regard is without merit.
*454 Appellant further contends that even if the rebuttal testimony would have been properly excluded in an ordinary civil proceeding, it was properly admissible in this administrative hearing before the Commission, and the failure and refusal of the Commission to permit appellant to offer such constitutes reversible error. In particular, counsel for appellant cites as authority in support of his position our opinion in Foster v. Department of Public Welfare, 144 So.2d 271 (La.App. 1st Cir. 1962). In Foster we were confronted with a 'situation where the discharged employee testified in effect denying the Charges made against her, whereupon the appointing authority offered no evidence to substantiate the charges and relied instead on the charges as constituting prima facie proof of their validity. We reversed the decision of the Commission upholding the position of the appointing authority and remanded the case for further proceedings, holding that where the discharged employee in effect denied the charges, in the absence of any evidence of the alleged misconduct of the discharged employee, the employee’s discharge was illegal as a matter of law, citing in support thereof Hays v. Wild Life and Fisheries Commission, 136 So.2d 559 (La.App. 1st Cir. 1961). In reaching this conclusion, however, we made by way of dictum the following two statements:
“ * * * Reconciliation of these two seemingly contradictory and well established principles could be effected by ruling that although the burden as to the facts is on appellant, such burden does not exist until such time as the Commission places in the record some evidence to support its findings of fact.”

“ * * * There is no duty devolved upon appellant to prove the falsity of the charges or the fact that they do not constitute a lawful cause of dismissal until such time as there is in the record at least some evidence of substantiation of the charges.” (144 So.2d at p. 275)
On further reflection we are satisfied that these statements, to the extent that they indicate that the burden of proof placed upon the appellant by the Constitution does not arise until after evidence has been adduced at the hearing which substantiates the dismissal, are misleading, do violence to the express constitutional provision relative to the burden of proof, and are accordingly hereby expressly repudiated.
As previously indicated, the Commission is explicitly vested with the power and authority to promulgate rules and regulations relative to the procedure at appellate hearings before it, which the Commission has done by virtue of its rule requiring that appellant open the case and that he offer his testimony as a plaintiff in an ordinary civil proceeding would have to do. It is certainly reasonable and proper for the Commission to require the appellant to offer all evidence properly presentable during his case in chief and to restrict the appellant insofar as rebuttal evidence is concerned only to those matters brought out by the appointing authority during its presentation of evidence. To hold otherwise would permit the appellant, even though he carries the burden of proof as expressly provided in the Constitution, merely to testify in the form of a general denial of the charges and then have the advantage of requiring the appointing authority to offer its testimony, whereupon the appellant, by use of “rebuttal evidence,” could negate or seek to answer such adverse evidence, without the appointing authority having a corresponding right of surrebuttal.
We are further satisfied from a review of the record, however, that counsel for appellant was sincere and was in good faith relying on the misleading language in Foster, with the result that counsel for appellant was taken by surprise when he was denied the opportunity to have the Commission consider his “rebuttal testimony.” In this connection we further note *455 that in addition to the fact that appellant rested “subject to the right of rebuttal,” no objection was made by the appointing authority to the proffered rebuttal testimony and instead the testimony was excluded by the Commission as improper rebuttal ex proprio motu.
Accordingly, and in view of the particular circumstances surrounding this case, we feel the interests of justice would be best served by remanding this case to the Commission in accordance with our discretionary authority in this regard, for the limited purpose of directing the Commission to consider the rebuttal testimony offered in the record under a proffer of proof or to grant a limited rehearing for purposes of receiving and considering the rebuttal testimony which appellant had sought to offer, so that the Commission may alter its findings of fact and conclusions thereon if it is so inclined after considering this additional evidence.
Remanded with instructions.

. The charge reads as follows:
“On March 22, 1969, at approximately 11:30 P.M., you and Trooper First Class Freddie J. Owens were in a bar, namely Rod’s Place, located on La. 8 West of Leesville, Louisiana. Trooper Owens became engaged in a conversation with Lieutenant Colonel Clyde R. Gill, U. S. Army, Fort Polk, Louisiana. As Lieutenant Colonel Gill was leaving the bar, you did kick him in the buttocks and did engage in a fight with him outside of the bar, and did tear Lieutenant Colonel Gill’s uniform jacket beyond repair. By such actions as described above, you did conduct yourself in a manner' unbecoming a member of the Division of State Police.” (Exhibit Trotti-1)

. Louisiana Constitution, Article XIV, Section 15(N) (1) (a).

. Louisiana Constitution, Article XIV, Section 15(1) (8).

. Louisiana Civil Service Commission, Rule 13.19(c) :
“The burden of proof as to the facts shall be on the appellant in every appeal, and he shall be required to open the case.”

. Louisiana Civil Service Commission, Rule 13.19(e) :
“The Commission may require the appellant to give his sworn testimony before hearing any other witness on his behalf, and, if the Commission finds from such testimony that he has no just or legal ground to support his appeal, it may decline to hear or consider any other evidence and thereupon dismiss the appeal.”

. Louisiana Civil Service Commission, Rule 13.19(f):
“If after hearing appellant’s testimony the Commission is of the opinion that he may have just or legal grounds for his appeal, it shall permit him to adduce such other evidence, testimonial or otherwise, as may be relevant.”

. Louisiana Civil Service Commission, Rule 13.19(d) :
“Where appropriate and not inconsistent with these Rules, the rules of evidence applicable to civil trials in the district courts of the State shall be observed in all hearings before a referee or the Commission.”
Louisiana Civil Service Commission, Rule 13.19 (k):
“Where appropriate and not inconsistent with these Rules, hearings and the taking of testimony shall be conducted according to the accepted practice in civil trials before the district courts of the State.”

. Louisiana Civil Service Commission, Rule 13.19 (p) :
“The Commission may take notice of the provisions of the Amendment, the Rules, the Classification Plan, and the Pay Plan without the necessity of an offer in evidence.”

. This footnote in the opinion reads as follows: “This encyclopedia summarizes the matter as follows, Section 102 at p. 216:
‘The strict rule is that a party must try his case out when he commences, and cannot divide his evidence and give part in chief and part in rebuttal. Any relaxation of this rule is but an appeal to the sound discretion of the court, which must not in any case be exercised to the prejudice of the adverse party, but in eases of doubt the better practice is to admit the evidence if no injury occurs to the adverse party. One cannot be permitted to gain an unfair advantage by withholding evidence improperly, but material evidence, proper in chief, which was not kept back by trick, should not be rejected merely because not offered until rebuttal, where its reception will not prejudice the adverse party.’ ”