SARTAIN, Judge.
The State Department of Hospitals has appealed a ruling by the State Civil Service Commission which reinstated to their former positions two employees who had been suspended and later dismissed by the Superintendent of the East Louisiana State Hospital at Jackson.
The letter of dismissal, dated August 12, 1970, to Otis G. Phelps, who had previously held the Civil Service classification of Farmer III, stated the reasons for the separation in the following terms:
“You are being separated because of the following reason:
1. Negligence in that on June 9, 1970, at or about 2:30 P.M., a patient, Joseph Tircuit, was beaten by you and/or another person while working under your supervision in the hospital farm field. The patient was required to spend several days in the Hospital Infirmary under medical care for contusions received at that time.”
Mr. Charlie L. Myers was dismissed by letter on the same day because of his alleged participation and/or negligence associated with the same event.
On August 25, 1970, the discharged employees appealed their dismissals to the Civil Service Commission which conducted a formal hearing on the incident on October 7, 1970. The Commission’s subsequent opinion reversed the discharges of the two employees and ordered that they be reinstated in their former positions and restored all privileges and emoluments which had been forfeited. From that ruling, the Department of Hospitals perfected this devolutive appeal.
At the outset it should be noted that La. Const. Article 14, Section 15, (O) (1) provides that a decision of the Civil Service Commission shall be final on the facts and that only a question of law is reviewable by this court. Counsel for the Commission has alluded to several decisions which contain such statements that the decisions of the Commission will not be upset on appeal if its findings are “supported by substantial evidence”, “creditable evidence”, and “positive evidence”. In Smith v. Louisiana State Board of Health, 201 So.2d 14 (1st La.App., 1967) we reviewed the jurisprudence of this state relative to the scope of appellate review of the decisions of the Commission and with respect thereto stated: (201 So.2d 14, 17).
“ * * * A review of the jurisprudence will disclose certain expressions that might indicate a variance to the rule of the finality of the Commission’s decisions on a question of fact. In Konen v. New Orleans Police Dept., 226 La. 739, 77 So.2d 24, the court stated ‘ * * * [Wjhere the decision is based on substantial evidence, the court may not consider the weight or sufficiency of the evidence.’
This same language was used in Cottingham v. Dept. of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662. In the case of Mayerhafer v. Dept. of Police of the City of New Orleans, 235 La. 437, 104 So.2d 163, the Supreme Court employed the term ‘probative evidence’ when dealing with review of a question of fact. In King v. Dept, of Public Safety of the *444 State of Louisiana, 236 La. 602, 108 So.2d 524, the Supreme Court stated that it could not review questions of fact so long as there is any evidence in the record to support the findings of the Commission.
“Realizing that the Konen case used the term ‘substantial evidence’, that the May-erhafer case employed ‘probative evidence’ and that the King case said ‘any evidence’ in delaing with review of questions of fact, this court in Gremillion v. Dept. of Highways, La.App., 129 So.2d 805 (writs denied) felt compelled to state:
‘In order to make crystal clear our view of the jurisdiction vested in this Court by the Constitution of Louisiana on appeals from decisions of the Commission, we emphasize that under the plain provisions of the Constitution the decision of the Civil Service Commission is final on the facts and this Court is limited in its jurisdiction to the resolution or determination of questions of law only. We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this respect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial or probative so long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court.’ “Accordingly, the last cited authority binds us to the rule that we may only review the decisions of the Commission on questions of fact where the record is barren of any evidence to support the findings of the Commission for it is only under the latter circumstances that a question of law arises.”
The record reveals that Joseph Tircuit, a patient at the hospital, was normally a shop-worker but that he spent the day in question in a sweet potato field setting out potatoes and carrying water. He worked the entire day with the crew under the supervision of Phelps which was apparently intermingled with the group being worked by Myers.
The day’s work ended at about 4:00 P. M.; Mr. Ralph Tucker, a personnel supervisor at the hospital testified that he was called to Tircuit’s quarters at approximately 5:30 to 6:00 P.M. at which time he observed large, almost round, bruises upon the patient’s buttocks. He personally took several photographs of the area, which are made a part of the record herein, and, immediately thereafter, had Tircuit taken to the Hospital Infirmary.
At 6:05 P.M. Dr. Edward H. Leatherman examined the patient, and noted on his report:
“patient has large bilateral hip contusions that are emythematous, indulated, and very tender to the touch. * * * ”
His report also reflects that Tircuit was admitted at that time to the Infirmary.
In its written opinion, the Commission reviewed in general terms the testimony elicited before it relative to the alleged whipping of the patient. The written reasons reflect that both of the discharged employees flatly denied any knowledge of or participation in any battery upon Tircuit; they could offer no insight as to what happened or why they were accused. It was also observed that two other witnesses, Sandy Palmer and Ovis Williams, also employees of the Hospital and who were *445 present in the field throughout the entirety of that day, observed no beating and disclaimed any knowledge of an altercation or uproar which might have surrounded such an event. They stated that they remembered the day, they recalled that Tircuit was there, and that they saw no harm done to him.
The ruling also noted that the only tes-. timony substantiating the complaint was by the complainant himself, he having been a mental patient at the hospital for many years. This paucity of evidence to support Tircuit’s version of events was obviously weighed against the Department of Hospital’s case, as the opinion pointed out that there had been approximately thirty persons working in the field that day and, although, other persons were specifically named by Tircuit as having been present, none were called to support his allegations.
The Commission further concluded that the photographs taken of the patient’s condition indicated that the bruises upon his buttocks could not have been produced by blows from sticks, as they were symmetrical in shape, rather than linear. It was also observed, in that connection, that the attending psychiatrist, Dr. Albert T. Butter-worth, indeed the only physician to testify at the hearing due to Dr. Leatherman’s absence from the State, testified that the complainant was capable of hallucinations and of self-flaggellation. Upon considering all these things, that body determined that the evidence at their disposal negated the discharge of the two employees.
The record is replete with testimony which could substantiate the ruling of the Commission. The weight accorded that testimony is for the decision of that body and, as previously stated, we may not substitute our interpretation of the facts in this instance. The appellant contends, however, that Phelps and Myers were not necessarily discharged because they may have taken some part in the beating of Tircuit, but because of their negligence while acting in supervisory capacities.
The opinion of the Commission absolved the discharged employees from responsibility for the acts alleged by the patient without delineating the issues of whether Phelps and Myers personally struck Tircuit, if indeed, such an event ever happened or whether any negligence might have been attributable to them as overseers. A reading of the written opinion indicates that upon weighing the testimony of the witnesses, they concluded that the evidence so preponderated in favor of the supervisors that they could assign no fault to them in any respect. As the trier of fact, this was for the Commission to decide and, in view of the competent evidence elicited, in the form of direct testimony of persons present during all of that day, we find that they could reasonably reach the decision as rendered both as to personal liability and as to negligence. We can inquire no further.
The Department of Hospitals also raises here, for the first time, the failure of Phelps and Myers to appeal from their suspensions, as distinguished from their timely appeals from their letters of discharge. The record before us indicates that the only appealable action taken against these employees was the dismissals, as evidenced by copies of the letters of discharge, filed herein. The record is devoid of any other indicia of official action which could be considered to be appealable. Their appeal from the written discharge was timely perfected; no other documented action of an appeal-able nature is before us.
Accordingly, for the above and foregoing reasons, the ruling of the Civil Service Commission is hereby affirmed and appellant is cast with all costs permitted by law.
Affirmed.