84 So.2d 188

**Mrs. Lettie B. BARCLAY**

v.

**DEPARTMENT OF COMMERCE AND INDUSTRY.**

No. 42070.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Cadwallader & Dameron, Baton Rouge, Mary Bird Perkins, Baton Rouge, of counsel, for appellant.

Fred S. LeBlanc, Atty. Gen., W. C. Perrault, 1st Asst. Atty. Gen., W. D. Atkins, Asst. Atty. Gen., for appellee.

FOURNET, Chief Justice.

The plaintiff, Mrs. Lettie B. Barclay, a classified employee of the Department of Commerce and Industry prior to April 20, 1954, having appealed to the State Civil Service Commission from the action of Elmer D. Conner, Executive Director of the Department, in dismissing her from her position as Building Guide Supervisor at the State Capitol, Baton Rouge, is now appealing from the Commission's ruling dismissing her appeal—her contention being that the said ruling was based on reasons other than the written reasons upon which the hearing was had and therefore should be reversed.

The reasons given for the appellant's dismissal, incorporated in a letter to her

dated March 29, 1954, were those of: "(1) Insubordination to an immediate superior; (2) Health conditions that prevented the fulfillment of the requirements of this position; (3) Lack of adaptability." Subsequent letters, dated April 15 and April 20, 1954, identical in content, supplemented the reasons by giving certain detailed information under each of the causes above enumerated.[1] The Commission, following a hearing on the merits, found "Appellant has established that the second and third reasons given by the Department in its letter of April 15, 1954, were without foundation;" it is therefore unnecessary that the details supporting these reasons be included herein.

The particulars supplied by the Department in support of the first cause for dismissal, that of insubordination to an immediate superior, were that *"On Thursday, March 25, and on Friday, March 26, you advised Mr. Edwin L. Reed, your immediate superior, of your intentions of exerting influence outside the Department of Commerce and Industry to reverse his decision to describe your work performance as unsatisfactory. On these days, contrary to warning by Mr. Reed, you approached persons outside the employ of the Department of Commerce and Industry, soliciting their assistance in exerting influence to reverse Mr. Reed's action.* On Friday morning, March 26, you were disrespectful and insubordinate to Mr. Reed when this action was called to your attention. You advised Mr. Reed that you intended going 'over your head;' you told him that there were many individuals in the state 'more influential' than he; you also told Mr. Reed, 'I have no more fear of you than I would a jackass'."[2] (Italics ours.)

The words italicized above, i. e., the first and second sentences of the reasons supporting cause of dismissal No. 1, were deleted before the case went to trial as a result of argument by counsel for the appellant that even assuming all charges were proved to be true, there was still not shown sufficient grounds to justify the dismissal of appellant. The Commission decided, after consultation among the members, that it would hear the case on the merits as to all three reasons for dismissal but that the specification under item 1 would consist only of the portion which was not deleted.

1. Although the dismissal was originally to have been effective as of date of the first letter, appellant's immediate appeal to the Commission resulted in a ruling, on April 20, 1954, that the first notice did not conform to its rules and had not been cured by the second, of April 15th, whereupon appellant was ordered restored with full pay up to noon of April 20, 1954. It was then agreed, by stipulation of counsel for both parties, that the letter of April 15 would be considered as notice of discharge effective April 20, 1954, and that the Commission might proceed to hear the case instanter.

2. It appears that the situation arose when Edwin L. Reed, Director of Advertising and Promotion for the Department, and appellant's immediate superior, advised her of an unsatisfactory service rating he had prepared concerning her work.

Following the trial, the Commission found "that appellant did solicit the assistance of individuals not in the employ of the Department in an effort to exert influence to reverse a service rating and that she did have an argument with Mr. Reed, her immediate superior, concerning this action and also concerning her service rating. Appellant admitted that during the course of this argument she had called Mr. Reed a 'rat'. * * * She had the right to discuss her service rating with her immediate superior, but her disrespectful conduct and antagonistic attitude cannot be condoned and was sufficient cause for disciplinary action," and dismissed her appeal.

Counsel for the appellant contends here that the decision of the Commission should be reversed because (1) an affirmative finding was made on the accusation that appellant had solicited the assistance of persons outside the Department to exert influence on Reed, notwithstanding that proof thereof was inadmissible because of the deletion of the first two sentences in specification No. 1; (2) the last two sentences of the first specification, all that remained of the charge of insubordination, failed to allege facts which, even if proved, would support the charge, i. e., failed to state that the appellant had refused to obey Reed or that she had disregarded any orders or instructions given by him—this being the only way in which she could have been insubordinate; and (3) the Commis-

sion had affirmed the appellant's dismissal on grounds of disrespectful conduct and an antagonistic attitude, which cannot be classified as insubordination.

While it is true that in the early stages of the hearing appellant's counsel sought to restrict testimony concerning the claimed insubordination to the events of Friday morning, March 26, this proved to be difficult—not only because the happenings of the previous day were a part of the same occurrence but also because the case was being heard on the merits of the other two reasons for dismissal (condition of health and lack of adaptability). Much of the evidence upon which the Commission based its conclusion was admitted without objection, and in examining his own witness counsel for appellant opened the door to testimony which he now claims was inadmissible.

We agree with the Commission that appellant had a right to defend herself and to discuss her service rating with her immediate superior; additionally, she had a remedy by appeal as fixed by civil service rules, to seek a modification of the unsatisfactory report. While on trial of the case she denied categorically that she had called Reed a jackass and had threatened to go over his head, she admitted that she had called him a rat, terminating her discussion with what might be termed disrespectful language to her immediate superior, as well as insubordination by disregarding

orders. These are matters which we cannot review.[3]

For the reasons assigned, the ruling of the Commission is affirmed.

3. By provisions of LSA–Const. of 1921, Art. 14, Sec. 15(O) (1), and Rule XXII, Revised Rules of the Supreme Court of Louisiana, the appeal is limited to a review of questions of law.