108 So.2d 524

Alva A. KING

v.

DEPARTMENT OF PUBLIC SAFETY OF THE STATE OF LOUISIANA.

No. 44217.

Jan. 12, 1959.

Rehearing Denied Feb. 16, 1959.

Cadwallader & Perkins, Baton Rouge, for appellant.

N. Cleburn Dalton, Baton Rouge, for appellee.

PONDER, Justice.

This is an appeal by Alva A. King from his dismissal as Drivers License Administrator in the Department of Public Safety.

On March 1, 1957, the Director of the Department of Public Safety addressed a letter to appellant notifying him that effective March 7, 1957, he was being dismissed for eight detailed reasons set out in the letter. After trial the Civil Service Commission sustained appellant's discharge on two of the eight charges. On appeal to this Court, we remanded the case to the Civil Service Commission for a hearing consistent with the views expressed in King v. Department of Public Safety, 234

La. 409, 100 So.2d 217. It was the basis of the opinion of this Court in that case that the Commission had arbitrarily refused to hear evidence tending to show political motivation for the dismissal of the appellant. On remand the Commission heard the evidence on political motivation and found that "the suggestion that the action of appellant's employing authority was founded on an unexpressed illegal cause is without a fragment of substance." The Commission pointed out that the testimony of appellant's own witnesses refutes the charge that his employing authority acted with malice or under political pressure.

n the letter of dismissal, the appellant was charged:

"1. That during the latter part of January, 1957, your request to the Director of the Department of Public Safety that certain filing cabinets of the Department be worked on was denied by the Director of the Department, and despite this denial you did negotiate with personnel of the Remington Rand Company to make such repairs on said filing cabinets at an uncertain price and that said unauthorized repairs were actually being made when discovered by the Director of the Department of Public Safety, and that said complete disregard of the express order of the Director of of the Department of Public Safety,

amounts to insubordination in the highest degree."

"4. That during the first two weeks of January, 1957, you did exhibit extremely poor supervision over one of your subordinate personnel namely, Henry Mudd, Driver's License Examiner of Cameron Parish, and that said poor supervision was due to the fact that the Drivers' License Examiner's office in the Parish of Cameron, State of Louisiana, had been closed for two weeks and that many people in that area were unable to secure drivers' licenses or renew drivers' licenses and that due to this office closure the Department of Public Safety received complaints from the local authorities, namely Sheriff O. B. Carter of Cameron Parish who telephoned the Director's office on January 16, 1957, and informed the Director that the Drivers' License Office in Cameron had been closed for two weeks, and that when you were contacted by Colonel Forrest C. Pendleton in reference to said situation on January 16, 1957, you stated that you had no knowledge of the office being closed until January 15, 1957, despite the fact that you had or should have had reports from your Drivers' License Supervisor of that District, as to the activities carried on by the Drivers' License office in the Parish of Cameron, and that your

complete ignorance of this situation amounts to gross incompetence and severely impeded the efficiency of the services rendered to the public in that area by the Department of Public Safety."

As to the charges and causes for dismissal the Commission concluded:

"The facts found and stated in the original opinion herein are fixed and final. They were never subject to review (Constitution Article XIV, Section 15(O) (1) [LSA]). They cannot now be constitutionally reviewed by this Commission or by any other tribunal. If they could be re-examined, the evidence adduced at this second hearing only reaffirms the finding that appellant's discharge for insubordination and for neglect of duty was legal, and constituted a reasonable exercise of the duty imposed upon employing authorities by law and particularly by Rule 12.1 of the Rules of this Commission.

"The suggestion of appellant's counsel that one of the causes for his client's discharge was the insignificant circumstance that he ' caused filing cabinets to be repaired which needed repairing is incorrect. The cause was the insubordination implicit in having the repairs made despite the order not to do so.

"Insubordination and neglect of duty have always been recognized as valid causes for the removal of civil service employees. Insubordination disrupts orderly administration of any organization wherein there is gradation of authority, and neglect of any assigned duty destroys the unity of effort required for the accomplishment of any enterprise depending on concerted action. Such delinquencies are necessarily detrimental to the efficiency of public service and cannot be condoned when committed by employees in the classified service, particularly by those occupying positions of importance. The security provided by law to classified employees imposes upon them the reciprocal obligation of a high degree of loyalty and efficiency, in both of which appellant was deficient.

"Appellant's derelictions expressed in the letter of dismissal and numbered 1 and 4, examined in the light of all the evidence, are again deemed to be sufficiently detrimental to the efficiency of the State service as to justify the action of the appointing authority in dismissing him therefrom."

On appeal to this Court, appellant contends that the evidence does not justify or support the penalty of dismissal and to impose the extreme penalty of discharge

is so inequitable, arbitrary, capricious and unreasonable as to disclose a wanton abuse of the discretion vested in the Civil Service Commission; that the findings of fact by the Commission on charges Nos. 1 and 4 do not constitute acts of a substantial nature directly affecting the public interest; that the Commission's conclusion of law on charge No. 4 violated the concept of the "classification plan" provided for in Section 15(I) (b), Article 14 of the Constitution and Chapter 5, Rules 5.1–5.6 of the Civil Service Rules; that the evidence at the two hearings preponderantly shows that the appointing authority would not have taken the disciplinary action of dismissing appellant except for political reasons or prejudices; that the Commissions' conclusions of law are inconsistent with the charges made in No. 1 and No. 4; that the findings of fact do not support the allegations of charge No. 4.

■■■ Suffice it to say, without categorically answering the contentions of appellant, there is evidence in the record to support the charges and there is no evidence of political motivation. The contention that the charges were not substantial is without merit and the reasons given by the Commission in its findings quoted heretofore are well founded, viz.: that the insubordination is substantial enough to support dismissal.

■■■

■■■ There is no merit in the contention that the punishment is inequitable since the insubordination is of such a nature that it is highly detrimental to the efficiency of the service. This Court held in Cottingham v. Department of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662, that where there is a real and substantial relation between the assigned cause for dismissal and the qualification for the position, the sufficiency of the cause assigned for dismissal is a question of fact which the Civil Service Commission has the exclusive right to determine. Where the decision of the Commission is based on evidence, the court may not consider the weight or sufficiency of the evidence. Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24; Domas v. Division of Employment Security of Department of Labor, 227 La. 490, 79 So.2d 857.

The attorney for the Department of Public Safety cogently answered appellant's complaints urged against charge No. 4 in his brief, viz.:

"Under the rules set forth by this Honorable Court in the Cottingham, Domas and Konen cases, cited supra, and applying the 'substantial relation' test enunciated in those authorities, the following becomes self evident. There is a real and substantial relation between the assigned cause for dismissal and appellant's qualifications for the

public work in which he was engaged. His utter disregard of and complete indifference to the operation of the Cameron office could well affect the matter of his reliability and competence to continue to perform the duties of Drivers License Administrator, a position which requires careful and thorough supervision and checks of the various Examiners and their offices throughout the State of Louisiana. Since this substantial relation exists, the Commission did not act arbitrarily in upholding the dismissal of appellant. As pointed out in the Cottingham case, cited supra, whether the cause was sufficient and reasonable for removing appellant from service is a question of fact which this Court is without jurisdiction to decide."

We conclude that the decision of the Commission was not arbitrary or capricious. There is evidence in the record to support the conclusions reached by the Commission. So long as there is any evidence in the record to support the findings of the Commission we are without jurisdiction to determine the sufficiency of the evidence or the reasonableness of the cause. It is only where there is no evidence in the record to support the findings of the Commission that we are authorized to consider the evidence.

For the reasons assigned, the judgment is affirmed at appellant's cost.