129 So.2d 805 (1961)
Herman A. GREMILLION
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana.
No. 5214.
Court of Appeal of Louisiana, First Circuit.
April 10, 1961.
Rehearing Denied May 22, 1961.
Certiorari Denied June 29, 1961.
Gravel, Sheffield & Fuhrer, Alexandria, for appellant.
Thos. A. Warner, Jr., Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
*806 HERGET, Judge.
On December 17, 1956 Herman A. Gremillion, appellant, a foreman for the Department of Highways of the State of Louisiana, received a notice from his superior alleging several acts of misconduct on his part and discharging him from employment effective December 20, 1956. On January 24, 1957 appellant received a second letter stating "in the event and only in the alternative, should the Civil Service Commission hold that the notice of discharge dated December 17, 1956, was insufficient and that you have not been effectively discharged, (none of which is admitted and the mailing of this notice does not constitute a waiver of the previous notice of discharge) you are now notified that you are discharged from the employment of the Department of Highways as Foreman I, effective the close of working hours on January 30, 1957 * * *."
An appeal from his discharge was made by Herman Gremillion to the Civil Service Commission and the charges made in the letter of December 17 were docketed as No. 211 by the Civil Service Commission, whereas the charges in the letter of January 24 were docketed as No. 220 of the Civil Service Commission.
In the notice of discharge of December 17, 1956 appellant excepted to the notice and his exceptions were sustained as to all charges except the fifth paragraph of the letter of dismissal of December 17, 1956, which reads:
"The said Brouilette further swears that you asked each employee under your supervision, during the last gubernatorial campaign, to cast that employee's vote in favor of your personal preference for governor, Mr. Fred Preaus."
After hearing, the Civil Service Commission concluded the preponderance of the evidence established appellant did request the employees under his supervision collectively, and some individually, to vote for the candidate of appellant's choice in the gubernatorial race and, finding that such action was violative of paragraph (N) (7) of Article 14, Section 15 of the Constitution of the State of Louisiana, LSA, dismissed appellant's appeal.
Though the action of the Civil Service Commission was predicated only on the notice docketed No. 211, appellant obtained an order of appeal to the Supreme Court of the State of Louisiana on the 28 day of March, 1957 from the decision of the Civil Service Commission dated February 27, 1957, docket Nos. 211 and 220, returnable to the Supreme Court of the State of Louisiana on the 24th day of May, 1957. Counsel for the Civil Service Commission filed a motion to dismiss the appeal as to the matter docketed 220 of the Commission as being premature inasmuch as no decision had been rendered by the Commission therein. It is apparent from the record that the contention in respect to mover's action in this regard is correct and inasmuch as the Commission had not acted on the appeal docketed No. 220 the motion to dismiss is granted.
Appellant perfected his appeal to the Supreme Court of the State of Louisiana and that Court transferred the matter to the Court of Appeal, First Circuit, for decision in accordance with the constitutional amendment, Article 7, Section 30, vesting jurisdiction of such appeals in the Courts of Appeal.
Article 14, Section 15(N) (7) of the Louisiana Constitution reads as follows:
"No employee in the Classified Service of the State or a city, and no member of a State or City Commission shall be a member of any national, state, or local committee of a political party, or an officer or member of any factional, political club or organization, or a candidate for nomination or election to any public office, or shall make any political speech or public political statement in behalf of any candidate, faction, or party, as a *807 part of any political campaign for the nomination or election of public officers, or shall take any part in the management or affairs of any political faction or party or in any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls in any election, and to cast his vote for whom he pleases." (Emphasis ours).
This article of the Constitution is clear and not ambiguous and specifically the Civil Service employee is denied the right to "take any part * * * in any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls in any election, and to cast his vote for whom he pleases."
Learned counsel for appellant argue with great force the charge under which appellant was dismissed does not state a cause of action for the reason the action denounced on the part of a Civil Service employee is public activity on the part of the employee, such as headquarters work, telephone work, aiding in raising funds or the doing of something of an organized nature with a definite pattern of signification of clear intent to take part in a political campaign. It is the contention of counsel for appellant the request by a foreman of his employees to vote for a certain candidate in an election is permissible and is not encompassed within the restrictions of the Constitution. Therefore such activity on the part of a Civil Service employee is insufficient to warrant his discharge.
In the case of Norris v. United States, 8 Cir., 86 F.2d 379, at page 382, the Court said:
"* * * The word `campaign' is in the public domain. It has no technically legal use. If it had, many of the cases cited to us by appellant might well be in point. The meaning of the word `campaign,' when applied to a candidacy for an office, is known of all men. True, its constituent elementsthe things which are done in a campaigndiffer from zero to infinity. The word means, when applied to a personal political candidacy, all of the things and necessary legal and factual acts done by the candidate and his adherents, in an effort to obtain a majority, or plurality of the votes to be cast in any election for a public office. * * *" (Emphasis ours).
In the case of State ex rel. Green et al. v. City of Cleveland et al., Ohio App., 33 N.E.2d 35, an Ohio decision, a classified Civil Service employee of the City of Cleveland brought a declaratory judgment action to determine whether such an employee of Cleveland was prohibited by the Cleveland Charter (Section 140 thereof, at page 36, reading in part as follows: "* * * No person in the service of the city shall use his official authority to influence or coerce the political action of any person or body, or to interfere with any nomination or election to public office.") from campaigning at an election for or against a bond issue, a special tax levy, amendments to the city charter, or in favor of or against any issue submitted to the electorate of the City of Cleveland. In resolving the question, the Court, at page 38, concluded:
"It is the conclusion of the majority of this court that any election in which the voters are asked to pass judgment on candidates for office or on issues, is political in its purpose and result, and when an employee in the classified service of the city takes part in the campaign preceding such election he is taking part in a `political campaign' contrary to the prohibition contained in § 140 of the city charter."
There is a strong dissenting opinion in the case to the effect that a political campaign had the meaning of only party or partisan organization or campaign and *808 did not contemplate public questions such as bond issues, tax levies and charter amendments.
In our opinion the meaning of "political campaign" contemplates every effort made to insure the election of a nominee or the success of a political issue submitted to the people for determination by voting at an election. It encompasses the filing of intention to become a candidate, the financing of the campaign, the checking of poll lists, the placing of advertising in the newspapers, television and radio, and staffing and arrangement for headquarters and above all the solicitations of the voters by adherents of the candidate. It incorporates the actions of all parties, organized or unorganized, to accomplish the desired result. The purpose of a political campaign insofar as an individual is concerned is to stimulate the adherents of a candidate to join the individual in securing the election of a candidate. Any effort by an adherent to accomplish this result is of necessity a taking part in a political campaign. There is no requirement that one joining in the effort to elect a candidate participate therein only as an organized worker. The ultimate objective of the political campaign is to secure the election of the individual candidate by the effort of all adherents whether organized or unorganized. Much of the success of a political campaign by an individual results from the solicitation by adherents of the office-seeker of the electorate.
The purpose of the Civil Service law is to insure the employee the right to retain his position on the merit of his work and not because of his political partisanship. To accomplish this purpose, of necessity, restrictions had to be placed upon the activity of a Civil Service employee in a political campaign. We are not called upon to determine what these restrictions should be but our duty is simply to apply those restrictions placed in the Constitution by the people. By the clear provisions of the Constitution any political activity of the Civil Service employee in a political campaign was prohibited with the exception of the three specifically provided for activities. The use of the language "any part * * * in any political campaign" is all-inclusive and denies to the Civil Service employee any participation in a political campaign, not excepted in the Constitution.
At the hearing there was offered evidence which the Commission accepted as true that appellant requested employees under his supervision to vote for the candidate of his choice for governor, Mr. Preaus. This action on the part of appellant was, in our opinion, a taking part in a political campaign prohibited by the Constitution. While a Civil Service employee is permitted to express his private opinion as to his choice of candidates in a political campaign, he is denied the right to solicit votes on behalf of the candidate of his choice, and especially is this reprobated when the evidence shows that the requests are made by a foreman of those employees under his supervision.
Counsel for appellant maintain strenuously in this Court the record in this case is devoid of substantive or probative evidence tending to establish the political activity with which appellant is charged.
Article 14, Section 15(O) (1) of the Constitution of Louisiana, reads as follows:
"Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty *809 (30) days after the Commission's decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals."
In the case of Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24, the Supreme Court in its opinion used the language that the Court would not disturb the decision of the Civil Service Commission unless the action of the Board or Commission was arbitrary and where the decision was based on substantial evidence the Court would not consider the weight or sufficiency of the evidence. Though the use of the words "substantial evidence" were used in the opinion, it is noteworthy the holding of the Court was predicated upon the fact that, as there was some evidence in the record to substantiate the charge, it was not within the province of the Court to consider the weight or sufficiency thereof and the appellate jurisdiction was limited to questions of law alone.
In the case of Mayerhafer v. Department of Police of City of New Orleans, 235 La. 437, 104 So.2d 163, the Supreme Court in construing the appellate jurisdiction of the Court on matters appealed from the Civil Service Commission referred to the fact that there was no "probative evidence" in the record as a basis for the decision of the Commission. However, it is to be noted in the opinion that despite the use of the words "probative evidence" in referring to the evidence in the record, the Court subsequently pointed out there was absolutely no evidence in the record to justify the charges upon which the appellant had been dismissed.
In the recent case of King v. Department of Public Safety of State of Louisiana, 236 La. 602, 108 So.2d 524, the Supreme Court concluded that as long as there was any evidence in the record to support the findings of the Commission, that Court was without jurisdiction to determine the sufficiency or the reasonableness thereof.
In order to make crystal clear our view of the jurisdiction vested in this Court by the Constitution of Louisiana on appeals from decisions of the Commission, we emphasize that under the plain provisions of the Constitution the decision of the Civil Service Commission is final on the facts and this Court is limited in its jurisdiction to the resolution or determination of questions of law only. We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this respect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial or probative so long as there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court.
For these reasons, the decision of the Civil Service Commission in Docket No. 211 is affirmed, and appellant's appeal in Docket No. 220 is dismissed as being premature. All at the cost of appellant.
Affirmed in part and appeal dismissed in part.