YARRUT, Judge.
This is the second appeal taken by Plaintiff-Appellant from a ruling of the Civil Service Commission of the City of New Orleans, and results from a re-hearing by that Commission following a remand by this Court directing the Commission to give a further hearing to Appellant and to reconsider two points: (a) The adequacy of the notice of dismissal given Appellant *715 before the first hearing; and (b) the determination, as an independent fact, whether or not Appellant knew of, and participated in, a system of graft found to exist in the Police Department. Paternostro v. New Orleans Police Department, La.App., 146 So.2d 812.
In obedience to the remand, the Commission scheduled a hearing for March 7, 1963. The attorney for Appellant offered various documents and called as a witness Provosty A. Dayries, Superintendent of Police, who had dismissed Appellant. Counsel for Appellant advised the Commission that he desired to further cross-examine John E. Bray (principal witness against Appellant at the first hearing), who was ill and unable to appear. To afford Appellant such opportunity the hearing was adjourned to March 14, 1963. On March 14, Bray was again reported ill and unable to appear. However, Appellant took the testimony of Joseph L Giarrusso, present Superintendent of Police, who testified that Appellant’s reputation for veracity was good in the years 1952 to 1959, the period involved herein. The hearing was continued to March 20 to take the testimony of Bray at his residence.
On March 20 the Commission, in company with a Court Reporter and the Director of Personnel, met with counsel at Bray’s home. The Chairman had Bray sworn, whereupon counsel for Appellant stated he desired a further continuance, explaining that Appellant was ill and unable to be present. Because the matter had been delayed unduly, the Commission ordered the hearing to proceed over objection of counsel for Appellant, who declined to interrogate Bray in the absence of Appellant. The Commission concluded the hearing and took the case under advisement. Commissioners Sarpy and Papale were present at all phases of the hearing. Commissioner Barnett had read the entire proceedings, including the transcript, up to the date that he became a member of the commission on February 14, 1963. He had been present at all subsequent hearings.
In affirming and reinstating its original decision that Appellant was properly suspended, the Commission first concluded that the notice to Appellant was complete and adequate as it informed Appellant that he (the Superintendent) had:
“ * * * studied thoroughly the Indictment by the United States Grand Jury for the Eastern District of Louisiana, filed March 8, 1957, in which the Grand Jury charges that you made false and untrue statements to an agent of the Intelligence Division, Internal Revenue Service, Treasury Department, and that you gave false testimony before the Federal Grand Jury in connection with the collection and distribution of graft money among members of the New Orleans Police Department. From my study of the Indictment, it is apparent that you have failed tO' testify truthfully in this matter and; that you are therefore guilty of conduct unbecoming an officer.”
Further, the Commission held that, while the indictment was not made a part of the notice of suspension, Appellant had already been served with a copy in proceedings No. 26,259, United States District Court for the Eastern District of Louisiana, entitled “United States of America v. Eldred: J. Paternostro.” A copy of the indictment is contained in full in the transcript, and clearly sets forth that Appellant stated to Federal officers that he had never received any payments of “graft” money derived from operators of illegal businesses, and had no knowledge of the collection and' distribution of such “graft” money in the-Third District of the New Orleans Police-Department ; whereas he knew these statements were false; and- that Appellant had committed perjury before the United States Grand Jury by testifying under oath that he had never participated in a “graft” system and had no personal knowledge of such “graft” system, notwithstanding Appellant knew these statements were false; and that the letter of dismissal clearly sets forth that, (a) Appellant made false and *716 untrue statements to Federal officers, and further, (b) he gave false testimony before the Federal Grand Jury in connection with the collection and distribution of “graft” money among members of the Department and, (c) from his study of the indictment, he (the Superintendent) concluded that Appellant failed to testify truthfully, and was guilty of conduct unbecoming an officer. The Commission further found that a “graft” system did exist in the Police Department during the years 1953 through 1958, and that the only factual question at issue was, did Appellant have any knowledge of such a system and, if so, did he participate in it.
Regarding Appellant’s knowledge of, and his participation therein, the Commission found that he had served as a captain in the New Orleans Police Department in 1951 and 1952, during which time he was assigned to the Third District; and that, under the system of “graft” that existed, and particularly in the Third District, which involved the passing of money in brown envelopes, Appellant had both knowledge of and participated therein.
The testimony directly connecting Appellant was given by John Edward Bray, who testified at the first hearing that he was retired on pension as a Police Sergeant in June, 1958, during which period he was a collector of graft from the gamblers operating in New Orleans and, on each Friday, he personally handed Appellant, enclosed in a brown envelope, his part of the graft. Bray further gave testimony that, on occasions in his (Bray’s) home, Appellant was present and observed him divide the money, and personally accepted his portion from him (Bray). This is the witness Appellant’s counsel failed or refused to interrogate at the re-hearing held pursuant to the remand.
Appellant’s counsel contends Appellant was denied a trial de novo when the Commission, over his objection, accepted and considered Bray’s testimony taken at the first hearing. We can find no error in this ruling by the Commission, as LSA-C.C.P. Art. 1978, governing procedure in case of a new trial or re-hearing, permits the introduction of such testimony.
The Commission unanimously concluded that:
1. The letter of dismissal adequately informed the Appellant of the reasons for his dismissal in accordance with law;
2. A system of graft existed in the Police Department during the years 1953 to 1958;
3. Appellant, Paternostro, had knowledge of and participated in this system of graft collections;
4. Appellant testified untruthfully to the Federal officers and before the Federal Grand Jury.
The established jurisprudence in these matters was recently reviewed in the case of Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, wherein the Supreme Court held:
“It is the duty and function of the commission to determine from the facts' whether there exists a substantial relation between the employee’s conduct and the efficient operation of the public service, and it is well settled in the jurisprudence that in civil service cases if there is any evidence before the commission showing that the employee’s conduct is prejudicial to the service, its ruling will not be disturbed. See Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24; Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393; Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742; Jais v. Department of Finance, 228 La. 399, 82 So.2d 689; Barclay v. Department of Commerce and Industry, 228 La. 779, 84 So.2d 188; Broussard v. State Industrial School, 231 La. 24, 90 So.2d 73; Daniels v. New Orleans Police Department House of Detention, 236 La. 332, 107 So.2d 659.”
*717 We must conclude that the action of the Civil Service Commission was in accordance with the law and the facts.
For the reasons herein assigned, the ruling of the Civil Service Commission of the City of New Orleans, affirming the dismissal of Appellant, Eldred J. Pater-nostro, as a member of the New Orleans Police Department, is affirmed; Appellant to pay all court costs.
Affirmed.