201 So.2d 14 (1967)
Faye W. SMITH, Appellant,
v.
LOUISIANA STATE BOARD OF HEALTH, Appellee.
No. 7077.
Court of Appeal of Louisiana, First Circuit.
June 30, 1967.
*15 Edward B. Dufreche, Ponchatoula, for appellant.
Forrest L. Bethay, for James A. Comiskey, New Orleans, for appellee.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This is an appeal from the ruling of the Civil Service Commission, State of Louisiana, in sustaining the action of the Louisiana State Board of Health, appellee, in dismissing Mrs. Faye W. Smith, appellant, from her classified position as Public Health Nurse I at the Tangipahoa Parish Health Unit.
Under date of July 27, 1966, appellee, through the State Health Officer, appointing authority, notified appellant that her dismissal would be effective at the close of business on August 1, 1966. The reason given was appellant's failure to attend a general staff meeting of nurses in the Amite Office on Monday, July 11, 1966, in contravention of a direct order given by appellant's supervisor, Mrs. Eva Mae Lestage, on July 7, 1966.
The findings of fact as stated by the Commission are as follows:
"The evidence discloses and we find that appellant wilfully refused to comply with the direct order she received to attend the meeting of Monday, July 11, 1966; that she was not excused from attending this meeting which was an important one. The reason assigned by her for not attending the meeting, namely, that she had a sore throat, is not persuasive, for the reason as she readily admitted, she made several house calls at the same time the meeting was being held. Moreover, it does not appear that she made a serious effort to be excused."
The testimony presented to and relied upon by the Commission may be generally stated as follows: Mrs. Lestage testified that on July 7, 1966, while in the office of *16 Dr. J. F. Simpson, she called appellant to advise that appellant's previous request for leave was approved for the dates of August 8, 1966 to August 31, 1966, inclusive. She further stated that she advised appellant that on the occasion of the forthcoming staff meeting on July 11, 1966, she desired that appellant remain after the meeting for the purpose of coordinating the work during appellant's absence. She also stated that appellant became hostile and that on the direction of Dr. Simpson she gave appellant a direct order to be present at the subject staff meeting.
Appellant testified that on July 7, 1966 she did in fact receive a telephone call from Mrs. Lestage who advised that her previously requested leave was approved. She denied that any conversation was had or mention made of the proposed staff meeting of July 11, 1966 and particularly that she was given a direct order to attend the same.
Dr. Simpson's testimony was taken by deposition and filed in and made a part of this record. He corroborated the fact that a telephone call was made from his office to appellant by Mrs. Lestage advising the former that her previous request for leave of absence was approved. He did not recall telling Mrs. Lestage to give appellant a direct order to attend the subject staff meeting on July 11, 1966. When asked whether or not Mrs. Lestage's conversation with appellant on the occasion of July 7, 1966 could be in the form of a suggestion or direct order to attend, Dr. Simpson stated "Well, I don't knowI guess it would be a direct". Dr. Simpson's testimony in this regard does not corroborate that of Mrs. Lestage, when the latter was specific in that she gave appellant a direct order on the suggestion of Dr. Simpson.
Stated in its simplest form the issue is whether or not Mrs. Lestage gave appellant a direct order and whether or not appellant did in fact disobey the same.
Appellant urges on appeal herein that (1) the Commission erred in its refusal to subpoena on behalf of appellant certain character witnesses, (2) that the Commission erred in its determination that appellant was given and disobeyed a direct order, and (3) that the penalty of dismissal is excessive and not justified by the evidence. Thus, Error 1 is a question of law and Errors 2 and 3 are questions of fact.
LSA-Const. Art. 14, § 15(O) (1) clearly provides that the decision of the Civil Service Commission shall be final on the facts and that only a question of law is reviewable by this court. Danna v. Commissioner of Insurance, La.App., 194 So.2d 753.
We shall first discuss the correctness of the action of the Director of Civil Service in refusing to subpoena character witnesses for appellant. The Commission's Rule 13:21(e) provides as follows:
"No subpoena for the appearance of any witness or order for the production of books, papers, photographs, or other items shall be issued unless the authorized person to whom the application is presented is satisfied that the testimony of the witness or the production of the books, papers, photographs, or other item is necessary under the issues before the Commission."
In Heno v. Dept. of Labor, La.App., 171 So.2d 270, certain witnesses were not summoned. In dealing with this issue on that occasion we stated:
"In substance the Commission's Rule 13:21 (E) is essentially one of relevancy and in effect provides the Commission will not require production of a witness or document to prove an immaterial or irrelevant fact or circumstances. The rule appears reasonable and well founded and conforms to the well established rule of relevancy which obtains in the Court. In this respect the rule is valid and entitled to judicial recognition as a proper exercise of the Commission's rule making authority. The Commission's application of the rule, however, is subject to judicial *17 review inasmuch as the matter of relevancy of proferred testimony to issues before the Commission is a question of law to be determined in the light of the facts and circumstances of each individual case. The Commission's failure to properly interpret and apply the rule in any case must perforce be set aside by the Courts in order to assure the appellant full and complete opportunity to discharge the burden of proof incumbent upon him. Denial of appellant's right to produce witnesses necessary to establish a material issue is tantamount to refusal to afford appellant a full, complete and fair hearing before the Commission. It is the duty of the Court in the exercise of its appellate review of the Commission's findings to insure that each employee shall be afforded a full, fair, complete and unrestricted opportunity to establish any material issue properly raised before the Commission."
Thus, on this point the question is whether or not the testimony as to appellant's character was at issue, for if it was she was entitled to the issuance of the requested subpoenas. A review of the complete record in this matter satisfies us that appellant's character was not put at issue at any time during the course of the proceedings before the Commission nor was there any reference to her character by any of the witnesses testifying on behalf of appellee. As a matter of fact appellee's witnesses conceded that they had no complaint concerning appellant's work or conduct. There is not the slightest evidence that would tend to impugn in any way appellant's character. Accordingly, under these circumstances the desired evidence as to character was not relevant and the refusal to issue the subpoenas was not an error in law.
The remaining two issues involve a very fundamental and basic appreciation of the law and the jurisprudence with respect to the decision of the Commission as the same relates to a question of fact. A review of the jurispurdence will disclose certain expressions that might indicate a variance to the rule of the finality of the Commission's decisions on a question of fact. In Konen v. New Orleans Police Dept., 226 La. 739, 77 So.2d 24, the court stated "* * * [W]here the decision is based on substantial evidence, the court may not consider the weight or sufficiency of the evidence." This same language was used in Cottingham v. Dept. of Revenue, State of Louisiana, 232 La. 546, 94 So.2d 662. In the case of Mayerhafer v. Dept. of Police of the City of New Orleans, 235 La. 437, 104 So.2d 163, the Supreme Court employed the term "probative evidence" when dealing with review of a question of fact. In King v. Dept. of Public Safety of the State of Louisiana, 236 La. 602, 108 So.2d 524, the Supreme Court stated that it could not review questions of fact so long as there is any evidence in the record to support the findings of the Commission.
Realizing that the Konen case used the term "substantial evidence", that the Mayerhafer case employed "probative evidence" and that the King case said "any evidence" in dealing with review of questions of fact, this court in Gremillion v. Dept. of Highways, La.App., 129 So.2d 805, (writs denied) felt compelled to state:
"In order to make crystal clear our view of the jurisdiction vested in this Court by the Constitution of Louisiana on appeals from decisions of the Commission, we emphasize that under the plain provisions of the Constitution the decision of the Civil Service Commission is final on the facts and this Court is limited in its jurisdiction to the resolution or determination of questions of law only. We are powerless to inquire into the weight or sufficiency of the evidence on which the decision of the Commission is based and in this respect if there is any evidence produced before the Commission in support of the charge, then the weight and sufficiency thereof is peculiarly within the province of the Civil Service Commission. We are not concerned with the determination of whether the evidence is substantial or probative so long as *18 there is evidence in the record on which a finding of fact might be determined by the Civil Service Commission. The findings of facts by the Commission must be based on evidence in the record and it is only in those instances where the record is barren of any evidence to support the findings of facts by the Commission the invalidity of action of the Commission is apparent, presents a question of law, the jurisdiction of which is vested in this Court."
Accordingly, the last cited authority binds us to the rule that we may only review the decisions of the Commission on questions of fact where the record is barren of any evidence to support the findings of the Commission for it is only under the latter circumstances that a question of law arises.
With the above in mind we look to the testimony described hereinabove and particularly that of Mrs. Eva Mae Lestage, unsupported in part and corroborated in part by that of Dr. Simpson, and must conclude that the record before us is not barren of any evidence supporting a finding of the Commission that appellant had received and disobeyed the direct order of her supervisor. Frankly, because of the inconsistencies in the testimonies of Mrs. Lestage and that of Dr. Simpson relating to the direct order aspect in this matter and the testimony of Mrs. Botto corroborating that of appellant we would be prone to reverse if this were strictly a civil matter. But this is an appeal from the Commission and is not an ordinary civil matter and we are obligated and required to adhere to the constitutional restriction that our review be limited to questions of law.
Where the closeness as to the issue of fact above referred to troubles us some, the severity of the penalty of dismissal troubles us more. Appellant had been employed by the Louisiana State Board of Health at the Tangipahoa Parish Health Unit for 9 years, the last 5 under the supervision of Mrs. Lestage. The meeting of July 11, 1966 was admittedly the first of this type that she had failed to attend. Her work in every other respect was satisfactory to her superiors. The record before us gives us grave concern as to whether or not the ultimate in discipline, that is dismissal, is justified. This matter, however, is one of fact and again addresses itself to the exclusive jurisdiction of the Civil Service Commission. Said Commission in its written opinion stated in conclusion "that her dismissal was justified". In Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So. 2d 422, the Supreme Court on rehearing reversed its previous decision affirming the action of the New Orleans Aviation Board in dismissing its employee and with three justices dissenting ordered said employee reinstated with full pay. In the Brickman case the final opinion stated:
"While as noted in our original opinion herein `we are without authority to examine into the sufficiency of the evidence to establish adequate reasons for the discharge of an employee,' we have not only the authority but the constitutional duty when such question is raised (as it was on rehearing) to determine whether the assigned reasons for disciplining a classified employee, accepting the Civil Service Commission's determinations of fact, do indeed (as required by our Constitution, Article XIV, Section 15 (N) (1), see above) constitute adequate cause for any disciplinary action. We, therefore, must hold that the Commission incorrectly concluded as a matter of law, after having made the above factual findings, that the appellant had not borne her burden of proving that the appointing authority had acted arbitrarily and without adequate reason in subjecting her to disciplinary action."
However, in the case of Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9, the Supreme Court adhered to the strict rule announced by us in Gremillion v. Dept. of Hwys., supra:
"Under these provisions of the Constitution the courts may not inquire into the *19 sufficiency of the evidence to ascertain whether the commission was correct in its finding of fact, and if there is any evidence to support its finding of fact, such finding may not be disturbed. Consequently if the facts found by the commission disclose legal cause for disciplinary action, there is nothing for the courts to review."
and with respect to the Brickman case stated:
"It is the duty and function of the commission to determine from the facts whether there exists a substantial relation between the employee's conduct and the efficient operation of the public service, and it is well settled in the jurisprudence that in civil service cases if there is any evidence before the commission showing that the employee's conduct is prejudicial to the service, its ruling will not be disturbed. See Konen v. New Orleans Police Department, 226 La. 739, 77 So.2d 24; Gervais v. New Orleans Police Department, 226 La. 782, 77 So.2d 393; Marchese v. New Orleans Police Department, 226 La. 982, 77 So.2d 742; Jais v. Department of Finance, 228 La. 399, 82 So.2d 689; Barclay v. Department of Commerce and Industry, 228 La. 779, 84 So.2d 188; Broussard v. State Industrial School, 231 La. 24, 90 So.2d 73; Daniels v. New Orleans Police Department House of Detention, 236 La. 332, 107 So.2d 659.
This court in Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422, in reversing the commission and ordering reinstatement of the employee there involved evidently did not follow the principle of law that if there is any evidence before the commission from which a conclusion can be drawn that the employee's conduct is prejudicial to the service, the commission's ruling will not be disturbed; and in failing to apply this principle of law in that case we now think we erred."
For the above and foregoing reasons the judgment of the Civil Service Commission is hereby affirmed at appellant's costs.
Affirmed.