274 So.2d 924 (1973)
Garnet G. MORRIS
v.
STATE DEPARTMENT OF HIGHWAYS.
No. 9210.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
Rehearing Denied April 9, 1973.
Leon A. Picou, Jr. (Picou & Picou), St. Francisville, for appellant.
Howard P. Elliot, Jr. (Highway Dept.), Baton Rouge, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge.
This is an appeal from a ruling of the Civil Service Commission, State of Louisiana, which sustained the action of the Department of Highways, State of Louisiana, in dismissing Garnet G. Morris, Appellant, from his classified position as a permanent Laborer Utility worker.
By letter of April 4, 1972, signed by Carlisle Richard, District Engineer, the Department of Highways notified appellant that his dismissal was effective at the close of business April 6, 1972. As to the reasons *925 for dismissal, the letter read as follows:
"At approximately 7:30 a. m. this date you were advised by your immediate supervisor, Mr. Jesse L. Toney, Hwy. Maint. Supt., that you had failed to appear for work on April 3, 1972 and had not notified him accordingly. You immediately began cursing Mr. Toney and notified him that you had sent word by two other employees that you were going to a funeral. It is your obligation to notify your foreman personally and not depend on others to convey your message. When Mr. Toney notified you of your obligation you again reverted to derogatory and cursing language. Mr. Toney, at this point, feeling that it had become a personal matter asked you if a fight was what you wanted. You both began to leave the Highway premises, but before reaching the gate and while still on Highway property you placed on your hand what is called a brass knuckle and attempted to hit Mr. Toney with it. It is my opinion that the fact that you had a brass knuckle on your possession when attempting to return to work indicated that you intended to inflict bodily harm and were prepared to do so."
The dismissal was appealed to the Civil Service Commission; the matter was set for trial; and evidence was taken. The Civil Service Commission made the following findings of fact:
"(1) That appellant informed two of his fellow employees that a friend of his had died and that he would not be at work on Monday, April 3, 1972, as he was going to attend the funeral; that he would like them to deliver the message to his supervisor.
"(2) Appellant worked under the supervision of Jessie L. Toney, Maintenance Superintendent for the Parish of West Feliciana, and, was specifically assigned to the asphalt patching crew.
"(3) That all requests for annual leave were required to be made from the supervisor, and appellant failed to comply with this requirement.
"(4) That when appellant reported to work on Tuesday, April 4 at 7:30 a. m. his supervisor informed him that he had taken leave without permission and that in the future he would have to request leave from him directly, whereupon appellant called his supervisor a `long legged son of a bitch', and other abusive language. As a result of this abuse the supervisor invited appellant to accompany him outside of the highway department's premises if he wanted to settle the matter.
"(5) That as they were walking toward the gate and while still on the premises, appellant took a swing at him with a set of brass knuckles he had in his coat pocket. The supervisor ducked and avoided the blow but did not swing back at appellant. Meanwhile, several of the bystanders dissuaded them from continuing the altercation.
"We further find that appellant was guilty of insubordination to his supervisor and failed to carry the burden of proof of disproving the charges set forth in the letter of dismissal. Accordingly, his appeal is denied."
The appellant urges, first, that the Commission erred in that certain of its findings of fact are unsupported by any evidence, to-wit: (a) that all requests for annual leave were required to be made to the supervisor and that Morris failed to comply; (b) that the insubordination occurred after the beginning of the work day, 7:30 a. m.; and (c) that Morris took a swing at Toney with a set of brass knuckles. Second, appellant urges that the Commission erred in sustaining an arbitrary and summary dismissal of the appellant *926 although no allegation was made and no evidence was introduced to the effect that the continued employment of the appellant would be detrimental to the efficiency of the service. Finally, appellant urges that the Commission erred in failing to make an independent determination as to whether the assigned reasons were sufficiently adequate cause for the disciplinary action taken, i. e., dismissal.
It should be noted that LSA-Const. Art. 14 § 15(O)(1) provides that the decision of the Civil Service Commission shall be final on the facts and that only a question of law is reviewable by this court. Smith v. Louisiana State Board of Health, La.App., 201 So.2d 14. There has been some variation in the expression or description of evidence sufficient to maintain a finding of the Commission on a question of fact, and the courts having variously used the expression "substantial evidence" (Konen v. New Orleans Police Dept., 226 La. 739, 77 So.2d 24) or "probative evidence" (Mayerhafer v. Dept. of Police of the City of New Orleans, 235 La. 437, 104 So.2d 163). It now appears to be settled that the findings of the Commission as to facts are not to be reviewed so long as there is "any evidence" in the record to support the findings. Gremillion v. Department of Highways, La.App., 129 So.2d 805 (Writs denied); Smith v. Louisiana State Board of Health, supra.
We will now consider the various errors specified by the appellant.
Appellant complains first about three of the findings of fact.
There is no purpose in reviewing the testimony of each witness because there is no real dispute about what occurred. The appellant, Morris, the supervisor, Toney, and five other highway employees recounted for the Commission the events of April 4, 1972, when Toney spoke to Morris about approval of annual leave: Morris cursed Toney, they started off the premises, Morris took a swing at Toney but missed, and they decided not to fight after all."
As to the finding of fact relative to annual leave, it is true that there is considerable evidence in the testimony of the witness Sommers, Clerk of the Highway Department unit for which appellant worked, and in the testimony of the witness Pittman, foreman of the appellant, that the matter of taking annual leave for such purposes as attending funerals was informally handled by this particular working unit. However, it cannot be said that the record is entirely devoid of evidence to support the Commission's finding of fact that requests for annual leave were required to be made to the supervisor, because even the appellant acknowledged in his testimony that he was aware that there is a requirement to apply for and receive approval before taking annual leave.
There is also some evidence in the testimony of the various witnesses to support the time stated by the Commission as to when the difficulty between Toney and appellant occurred and to support the finding that appellant took a swing at Toney with a set of brass knuckles. As to the last point, the swing with the brass knuckles, the witnesses were almost unanimous that appellant took a swing at Toney. One witness, Johns, stated that he saw an object in appellant's hand and described it as "kind of a brown object". Toney, who had the best view of whatever appellant had in his hand, testified that he saw brass knuckles.
Therefore, we find that, contrary to appellant's contentions, there is some evidence to support all of the findings of fact in this case.
The second ground of error complained of by appellant is the contention that no allegation was made and no evidence was introduced to the effect that the continued employment of the appellant would be detrimental to the efficiency of the service. This argument has been disposed of by the Louisiana Supreme Court in the landmark civil service case which is Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) where the authority *927 of the commission was described as follows:
"(4) It is the duty and function of the commission to determine from the facts whether there exists a substantial relation between the employee's conduct and the efficient operation of the public service, and it is well settled in the jurisprudence that in civil service cases if there is any evidence before the commission showing that the employee's conduct is prejudicial to the service, its ruling will not be disturbed." 140 So.2d 5 at 10.
See also Smith v. Louisiana State Board of Health, 201 So.2d 14 (1st La.App.1967).
We have no difficulty in concluding that in the present case, there is evidence of conduct by appellant, Garnet G. Morris, which might be found by the Commission to impair the efficiency of the public service. A question may be raised as to whether the disciplinary action in this case, dismissal, was justified by the conduct involved, especially in view of the fact that the employee was a fifty-six year old man with a seventh grade education who had worked for the Department of Highways for some fifteen years without any evidence that his previous service had been unsatisfactory. However, this is for the Department of Highways, the appointing authority, to determine in the first place, for the Civil Service Commission to review, and for this court to let stand unless there is no evidence that the conduct of the employee was prejudicial to the operation of the public service.
Specification of error number three by the appellant, that the Commission erred in failing to make an independent determination as to whether the assigned reasons were sufficient for discharge is interwoven with the second specification of error which has been discussed. Implicit in the decision sustaining the action of the Department of Highways is a finding by the Commission that the assigned reasons were sufficient.
For the reasons assigned the judgment of the Civil Service Commission is affirmed at appellant's cost.
Affirmed.