292 So.2d 876 (1974)
Stephen J. CORTEZ
v.
The Louisiana DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE.
No. 9764.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
*877 Joel B. Dickinson, Baton Rouge, for appellant.
Bart Eaton, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
Appellant, Stephen Cortex, seeks to reverse a Civil Service Commission ruling that he voluntarily resigned from his position of State Trooper and that his appeal to the commission was not timely filed.
Appellant's original petition for appeal to the Civil Service Commission indicates that on December 21, 1972, appellant learned that charges of conduct unbecoming an officer were made against him by some citizens of Vidalia, Louisiana. Captain Liberto, appellant's superior, informed him that he had been suspended as of that date, and he was ordered to turn over and deliver his badge, commission card, uniform, ticket book, State automobile, etc. to Troop E. Headquarters in Alexanderia, Louisiana. Appellant did this. He then proceeded to Baton Rouge to the State Police Headquarters where appellant received an interview with Captain Kordek who was in charge of internal affairs. Appellant was advised of the charges pending against him.
The record indicates that Stephen J. Cortez signed a resignation and exit-interview report on December 21, 1972, listing as a reason for resignation the lack of promotional opportunities. An additional document entitled Personnel Action signed by appellant's appointing authority and dated December 21, 1972, was received by the Director of Personnel, Department of Civil Service on December 27, 1972. Appellant also received a copy according to his own petition on December 27, 1972.
On December 28, 1972, one (1) day after receipt of notice of acceptance of his resignation, appellant contacted an attorney who wrote a letter to the Civil Service Commission on his behalf requesting that the resignation be withdrawn and a full hearing by the Civil Service Commission granted to appellant. A subsequent formal appeal was entered on behalf of appellant by another attorney dated January 26, 1973. The Department of Public Safety filed a motion and order to dismiss the appeal stating that appellant had legally resigned prior to his appeal and has no standing before the Commission. A hearing for the motion was fixed for and had in Baton Rouge on June 6, 1973.
The Commission heard argument from counsel on the matter of the timeliness of the appeal taken by appellant, and also received evidence on the question of coercion in the submission of the resignation of appellant.
The Commission determined that the letter of December 28, 1972, received by them on January 3, 1973, was insufficient to constitute a valid appeal under Civil Service rules and further held that the petition for appeal received on January 26, 1973, was not timely in accordance with Civil Service Rule 13.12.
Nonetheless, the Commission elected to hear all of the evidence concerning the alleged coerced resignation, and found that the resignation was purely voluntary. Based on the facts, the Commission dismissed the appeal.
We believe the Commission was in error in finding that appellant's appeal was not timely filed. Pretermitting the validity vel non of the appeal filed on January 26, 1973, this Court feels that the letter of December 28, 1972, written on behalf of appellant, met the necessary requirements of a request for appeal before the Civil Service Commission.
The requirements for an appeal are contained in Civil Service Rule 13.11 which we quote in its entirety:
"13.11 Request for Appeal
A notice of appeal must
*878 (a) Be in writing; and
(b) Be signed by the appellant or on his behalf by an attorney duly licensed to practice law in the Courts of the State of Louisiana; and
(c) Give the name and mailing address of the appellant, and of his attorney, if any; and
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail; and
(e) Give the date on which the action appealed from occurred, or that the appellant learned thereof; and
(f) State the date that the appellant received written notice of the action complained against, if written notice was given; and
(g) State the relief the appellant seeks."
A careful review of appellant's letter of December 28, 1972, indicates that all of the above requirements were fulfilled.
A further review of the transcript of the Civil Service Commission hearing indicates that there was sufficient evidence to find that appellant was not coerced into resigning. The testimony elicited by the Civil Service Commission indicates that it was at appellant's instance that he travelled to Baton Rouge where the charges were presented to him. At no time did it appear that appellant was forced into a hostile environment which brought about a coerced resignation.
It should be noted that LSA-Const. Art. 14, Sect. 15(O)(1) provides that the decision of the Civil Service Commission shall be final on the facts and that only a question of law is reviewable by this Court. Smith v. Louisiana State Board of Health, 201 So.2d 14 (La.App., 1st Cir., 1967).
As long as there is any evidence in the record to support the findings of fact of the Commission, this Court will not conduct a further review of the facts. Morris v. State Department of Highways, 274 So. 2d 924 (La.App., 1st Cir.) 1973; Gremillion v. Department of Highways, 129 So.2d 805 (La.App., 1st Cir.) 1961. Rehearing denied, 1961; cert. denied 1961.
For the reasons assigned, the judgment of the Civil Service Commission is affirmed at appellant's cost.