BARNETTE, Judge.
Preston Mauboules, an employee of Louisiana Wild Life and Fisheries Commission since 1956, was dismissed from his classified position of Investigator III effective February 6, 1974. He was notified of his dismissal by letter dated January 31, 1974. On appeal to the Civil Service Commission and after a hearing thereon the action of the Director of the Commission in dismissing him was upheld with written reason. He has appealed and now seeks reversal of the Commission and reinstatement to his former position of employment with payment of salary from date of discharge.
The letter dated January 31, 1974 notifying him of dismissal and enumerating the charges against him is as follows:
“Pursuant to the authority contained in Civil Service Rule 12.3 you are hereby advised that you will be separated from your position as Investigator III effective at the close of business, Wednesday, February 6, 1974.
“You are being separated because of the following offenses:
“1. Failure to follow my specific written orders provided by letter of April 12, 1973.
a. After reviewing your Duty and Cost Reports for the months of November 1972, December 1972, January 1973, February 1973, and March 1973 and your requests for sick leave for an unspecified period of time during January 1973 and February 1973, I felt it necessary to return all of them to you. A xerox copy of my above referenced letter is attached; as of this date, I have not received an answer to this letter.
“2. Abandonment of a State owned automobile, assigned to you by the Wild Life and Fisheries Commission for your use in the accomplishment of your official duties, for a period of time sufficient to render it inoperable to such extent that it was necessary for the Com *901 mission to employ a wrecker service March 1, 1973 to tow it away from the rear of the imperial House Motor Hotel in the 3400 block of Causeway Boulevard.
“3. Abandonment of your position from April 1, 1973 to the present. Not only did you fail to resubmit your Duty and Cost Reports for the months cited in Offense # 1 above, you have not submitted a Duty and Cost Report since April 1, 1973, nor have you contacted me by any means since that time.”
The letter of April 12, 1973 to which the above letter made reference is as follows:
“Mr. Preston Mauboules
P.O. Box 52589
New Orleans, Louisiana 70150
Dear Mr. Mauboules:
T am returning: your duty and cost reports and your sick leave applications in order that you may complete each of them.
As you know it is required that you show daily mileage, gas and oil tickets and any other expenditures on the state-owned vehicle. I also note that you show license No. 12 X 032 and records reflect that you should have public license plate 20643.
The sick leave applications must show the number of hours of sick leave each month. 1 also desire that you furnish me with a report of all investigations conducted during this period indicated on your time sheets.
You will forward a copy of this report to Mike L. Hogan, Chief of the Enforcement Division.
Expecting to hear from you in the immediate future, I remain
Yours very truly,
/s/ J. Burton Angelic J. Burton Angelic Director”
Every classified civil service employee has a right of appeal of an order of dismissal to the appropriate Civil Service Commission, (in this case the State Civil Service Commission) and failing there to obtain a reversal or modification of the order of removal, an appeal to the appropriate Circuit Court of Appeal. La.Const. (1921) Art. 14, Sec. 15(0) (1), and Art. 7, Sec. 29 as amended (1958).
The appellate jurisdiction of the Court of Appeal shall be on both the law and the facts ‘‘except zvhere the appeal- is limited to questions of lazv only by any other Section of this Constitution.” La.Const. (1921) Art. 7, Sec. 29. The exception in regard to appeals from decisions of Civil Service Commissions is found in La.Const. (1921) Art. 14, Sec. 15(O) (1) in the following language:
“ * * * The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted * * * [to the appropriate Court of Appeal] on any question of law * * * t’
There have been numerous decisions by our appellate courts in which the above quoted exception has been applied and it would serve no useful purpose to indulge in a lengthy reference to the many cases to be found on the subject.
The jurisprudential guidelines controlling appeals of this nature are firmly established to the effect that the findings of fact of the Civil Service Commission are binding on the Court when supported by any evidence, and the Court may not substitute its conclusion on the facts for that of the Commission. Tt has been held that only where there is no evidence to support the ruling of the Commission, the Court may reverse its decision. We cite only a few of the many cases applying this principle of law. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir. 1974); Biggio v. Department of Safety *902 and Permits, 299 So.2d 504 (La.App. 4th Cir. 1974) ; Cortez v. Department of Public Safety, Division of State Police, 292 So.2d 876 (La.App. 1st Cir. 1974); Floyd v. Louisiana Wildlife and Fisheries Commission, 283 So.2d 537 (La.App. 1st Cir. 1973); Morris v. State Department of Highways, 274 So.2d 924 (La.App. 1st Cir. 1973) ; Bryant v. Division of State Buildings and Grounds, 264 So.2d 678 (La.App. 1st Cir. 1972); Ragusa v. Department of Public Safety Division of State Police, 238 So.2d 193 (La.App. 1st Cir. 1970), writ refused, 256 La. 885, 239 So.2d 542; Bradford v. Department of Hospitals, 222 So.2d 891 (La.App., 1st Cir. 1969), reversed on other grounds, 255 La. 888, 233 So.2d 553 (1970).
In this case the Commission found that the charge of abandonment of a State owned automobile was not supported by the evidence and that the denial of that charge should be sustained.
The Commission found as a fact that the orders communicated by the April 12, 1973 letter were not complied with. More particularly the Commission found:
“From April 12, 1973, up until the time of the hearing on this appeal, [August 7, 1974] appellant had not furnished the appointing authority the correct duty and cost reports with supporting data for the months of November and December, 1972, and January, February and March, 1973. Nor did he return the sick leave applications with the information requested in the April 12 letter. Nor did he furnish the Director or Chief of the Enforcement Division with reports of the investigations he had conducted and at the times indicated on the Duty and Cost Sheets of November, 1972 through March, 1973.”
The appellant’s contention was that he had been on extended sick-leave and that the Director was informed on May 30, 1973 of his reasons for non-compliance with the letter of April 12 and gave, at least a tacit, assent to his continued noncompliance. This was denied by the Director. The Commission found no evidence to support the appellant’s contention and held him guilty of insubordination in his failure to comply with the orders of April 12. Failure to obey orders has been held to constitute insubordination. King v. Department of Public Safety of State of Louisiana, 236 La. 602, 108 So.2d 524 (1959); Barclay v. Department of Commerce and Industry, 228 La. 779, 84 So.2d 188 (1955).
The Commission further found as a fact that the sick-leave applications filed by appellant covering the period from December, 1972 to March, 1973 and which were returned to him April 12 for completion were never returned, nor were any other sick-leave applications filed for the months after March, 1973. During this entire period, which covered all the year 1973, the appellant alleges he was unable to report for work due to illness. There were no reports filed to substantiate this contention, other than the sick-leave applications above mentioned.
Dr. A. John Tassin testified that he saw Mr. Mauboules in January and February, 1973 and treated him for the after affects of what appeared to be an “influenza type syndrome” which he diagnosed as “Colitis”. He did not treat him for the illness after March 1, but “may" have seen or talked to him in May or June. He said he had examined him on two occasions and spoke to him once in his office, but he could not remember the dates.
The Commission found that the appellant had not filed time reports or sick-leave applications for many months, practically all of 1973. It found that there was some precedent in appellant’s work record to delay filing time sheets for as much as two or three months; there was no precedent, nor excuse, for failure to file any reports for as much as a year. Its conclusion was that the charge of abandonment of his position had not been disproved by Mr. Mau-boules. We also find that he has failed to *903 carry the burden required of him to overturn the action of the Commission. Bryant v. Division of State Buildings and Grounds, supra.
Not only do we find that the jurisprudential standard of sufficiency of evidence has been met to sustain the fact findings of the Commission, but that the record before us indicates no error in the proceeding complained of.
The decision of the State Civil Service Commission upholding the order of dismissal of the appellant and denying his appeal is affirmed at appellant’s cost.
Affirmed.